IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DAVID I. GLOVER

    Plaintiff,

v.                                CIVIL ACTION NO.: 2:17cv_____

RICHARD J. HRYNIEWICH

and

THE CITY OF NORFOLK, VIRGINIA

    Defendants.

## COMPLAINT

COMES NOW the Plaintiff, DAVID I. GLOVER, by counsel, as and for his complaint against the Defendants, Richard J. Hryniewich ("Hryniewich") and the City of Norfolk, Virginia ("City of Norfolk"), states as follows:

### Jurisdiction

1. This is an Admiralty and maritime claim within the meaning of 28 U.S.C. §1333 and F.R.Civ.P. Rule 9(h) arising under the general maritime law of the United States, and the plaintiff is a harbor worker within the meaning of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§901 et. seq. and also specifically invokes the provisions of Section 905(b).

### The Parties

2. At all times, the Plaintiff is and was a citizen of the Commonwealth of Virginia and the Director of East Coast Operations for his employer, Willard Marine Services, Inc., located at 1412 Taylor Farm Road in Virginia Beach, VA 23453 ("Willard").

3. At all times, Hryniewich is and was a citizen of the Commonwealth of Virginia, employed by the City of Norfolk as a policeman, was the operator of the vessel which is the subject of the instant litigation, and was acting within the scope of that employment.

4. At all times, the City of Norfolk employed Hrynjewich as a policeman and owned, operated, managed and otherwise controlled the vessel which is the subject of the instant litigation.

## Venue

5. The venue of the Court is proper pursuant to 28 U.S.C. §1391(b)(1) & (2).

## Facts and Liability

6. On January 21, 2014, the City of Norfolk issued purchase order No. PC 000021464 to Willard for the modification and repair of the City's 27 foot aluminum hull SAFE Boat vessel. The original purchase order was for the replacement of the existing 250 horsepower engines with 2 new Yamaha 300 horsepower engines. On February 20, 2014, the City of Norfolk issued a second purchase order to Willard, No. PC 000021545, for the repair and modification of the vessel's steering system.

7. On March 21, 2014, the City of Norfolk took redelivery of the vessel at the Willoughby ramp in Norfolk, Virginia.

8. In attendance at the vessel's redelivery were Hryniewich on behalf of the City of Norfolk as the operator of the vessel. The Plaintiff along with fellow employee, Tim Pridemore, were in attendance on behalf of Willard. Also aboard were two other City of Norfolk employees.

9. Hryniewich maneuvered the vessel out into Willoughby Bay for the purpose of conducting sea trials. The bay is within the navigable waters of the United States. The Plaintiff

and Pridemore were there as representatives of Willard to observe the sea trials and, if necessary, to provide technical assistance.

10. During the course of the sea trial, Hryniewich identified what he perceived to be steering and handling issues with the vessel and expressed those concerns to the other City of Norfolk employees on board.

11. After short discussion with the other City of Norfolk employees, and during the course of the sea trials, Hryniewich pushed the vessel to high speed and then, without slowing down or warning other than a "hold on" with insufficient notice, recklessly turned the wheel hard to starboard causing the vessel to capsize.

12. All aboard the vessel were thrown into the water. The Plaintiff was severely injured and was transported to a local hospital for treatment. He has suffered severe and traumatic injuries which have caused him and continue to cause him tremendous pain and suffering, temporary and permanent physical injuries, and have also caused him to incur enormous medical expenses and loss of wages which will continue into the future.

13. Hryniewich as operator and the City of Norfolk, as Hryniewich's employer and as owner, operator and manager of the vessel, owed a duty of reasonable care to all aboard, including Glover, to operate the vessel in a reasonable and workmanlike manner in accordance with good, accepted marine practices and to maintain the vessel in a seaworthy condition.

14. Hryniewich and the City of Norfolk breached the duty of reasonable care by Hryniewich's careless, negligent and reckless operation of the vessel, to-wit: attempting to make a severe turn at an unsafe speed, and in failing to maintain the vessel in a seaworthy condition, to-wit: the City of Norfolk failing to provide a competent operator of the vessel.

15. At the time of the inception of the voyage (sea trials) the City of Norfolk knew or should have known that Hryniewich was not competent to operate the vessel, thereby rendering it unseaworthy within the City of Norfolk's privity and knowledge.

16. Hryniewich was negligent in attempting to conduct the turn that capsized the vessel after identifying what he believed to be steering and handling issues.

17. The Plaintiff's injuries were the direct and proximate result of the sole negligence, gross negligence and recklessness of Hryniewich and the City of Norfolk in the operation and management of the vessel in, among other things, operating the vessel at an excessive rate of speed while attempting a severe turn causing it to capsize, the incompetence of Hryniewich and the unseaworthy condition created by the City of Norfolk by assigning Hryniewich as the operator of its vessel when he was clearly not qualified.

18. The Plaintiff in no way caused or contributed to the accident and/or his injuries.

**WHEREFORE,** the Plaintiff demands judgement against the Defendants, and each of them, jointly and severally, in the amount of FOUR MILLION DOLLARS ($4,000,000.00) with prejudgment interest thereon from March 21, 2014, the costs of these proceedings, and such further equitable and legal relief as the Court may deem just.

DAVID I. GLOVER

By: _____

Of Counsel

Keith J. Leonard, Esquire
VSB No. 65668
Huffman & Huffman, Brothers-in-Law, P.L.L.C.
12284 Warwick Boulevard, Suite 2A
Newport News, VA 23606
Tel: 757-599-6050
Fax: 757-591-2784
kleonard@huffmanhuffman.com
Counsel for the Plaintiff