IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
<u>Norfolk Division</u>

DAVID I. GLOVER

                **Plaintiff,**

v.                                  **Civil Action No: 2:17cv109**

THE CITY OF NORFOLK, VIRGINIA

and

RICHARD J. HRYNIEWICH

                **Defendants.**

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

TIMOTHY B. PRIDEMORE,

                **Plaintiff,**

v.                                  **Civil Action No: 2:17cv110**

THE CITY OF NORFOLK, VIRGINIA

and

RICHARD J. HRYNIEWICH

                **Defendants.**

**MEMORANDUM IN SUPPORT OF**
**THE DEFENDANTS' MOTION TO DISMISS OR STAY**

       COME NOW the City of Norfolk and Officer Richard J. Hryniewich (hereinafter, respectively "the City" and "Officer Hryniewich" and, collectively, the "Defendants"), by

counsel and pursuant to Federal Rule of Civil Procedure 12(b)(1), as and for their Memorandum in Support of their Motion to Dismiss or Stay state as follows:

## INTRODUCTION

The Defendants ask this Court dismiss this case under the doctrine of abstention using the standard and factors provided in *Colorado River Water Conservation District v. United States* because the same cases involving the same parties, claims, and requested relief are currently pending before the Circuit Court for the City of Norfolk. Because all legal and factual circumstances of these parallel proceedings are identical, the Defendants ask this Court to dismiss the federal proceedings with prejudice in order to avoid conducting the same proceedings as that currently pending in the state court.

On March 21, 2014, Plaintiffs David I. Glover and Timothy B. Pridemore (hereinafter, respectively, "Glover" and "Pridemore" and, collectively, the "Plaintiffs") were injured during the same test run or "sea trial" of one of the City's police vessels after modifications to the vessel by the Plaintiffs' employer (hereinafter, the "Sea Trial"). On March 21, 2016, the Plaintiffs filed two separate complaints against the Defendants in the Norfolk Circuit Court (hereinafter, collectively the "State Actions") (true and correct copies of the Plaintiffs' complaints in the State Actions are attached together as **Exhibit 1**). Apart from the Plaintiffs' names in the captions, the State Actions are identical and proceed on the same theories of liability against the same Defendants. The Defendants responded with a Plea in Bar arguing that the State Actions are barred by sovereign immunity. The Plaintiffs moved to strike the Defendants' Plea in Bar. Shortly after the Norfolk Circuit Court denied their motions to strike, nearly a year after they filed the State Actions, on February 23, 2017, the Plaintiffs filed a second set of parallel complaints against the Defendants in this Court (hereinafter, the "Federal Actions") (Pridemore

ECF No.1, Glover ECF No.1).[1]  Save for minor formatting differences, the complaints in the

Federal Actions are identical to the State Actions: they allege the same facts and seek to impose

liability on the basis of the same legal theories against the same Defendants.  Accordingly, the

Court should dismiss the Plaintiffs' Federal Actions with prejudice or, in the alternative, stay

them pending final resolution of the State Actions.[2]

## STATEMENT OF FACTS

On March 21, 2014, the Norfolk Police Department Harbor Patrol's 27' 2007 SAFE

Boats International 270 Full Cabin patrol vessel *MARINE 5* (hereinafter, "*MARINE 5*" or the

"Vessel") capsized during the Sea Trial.  (*See* ECF No.1 at ¶ 11).  The Sea Trial was conducted

to test *MARINE 5* after she had undergone upgrades to her engines, increasing the horsepower of

each from 250 horsepower to 300, and a complete upgrade of her steering system. (ECF No.1 at

¶ 6).  During the Sea Trial, Officer Hryniewich conducted several lower-speed maneuvers and

then, after warning the Plaintiffs and the others aboard to "hold on", he commenced a higher-

speed turn.  (ECF No.1 at ¶ 11).  For reasons that are not yet clear, the vessel capsized during the

turn, allegedly leading to the Plaintiffs' injuries.  (*See id.*).

As a result of this capsize, and before the current federal proceedings, the Plaintiffs filed

the two separate identical State Actions in the Norfolk Circuit Court on March 21, 2016.  (*See*

Ex. 1).  The Plaintiffs contended that their injuries were caused by the "negligence, gross

---

[1] The Plaintiffs' federal actions were consolidated for discovery purposes only on March 6, 2017. Also, because the Federal Actions are identical, any further references to the Federal Actions will not differentiate between Pridemore or Glover, and the remainder of this brief will consider them as one.

[2] Because the Plaintiffs filed separate but identical suits in this Court, the Defendants are filing the instant Motion in both the Pridemore and Glover suits simultaneously.  The facts and law at issue in these Motions are identical.

I-1478432.1

negligence and recklessness" of Officer Hryniewich in operating the *MARINE 5* at too high a speed and initiating too severe a turn for that speed. (Ex. 1 at ¶¶ 14, 16). The Plaintiffs further contended that the City is vicariously liable for Officer Hryniewich's alleged negligence and that it also was negligent in assigning Officer Hryniewich "as the operator of its vessel when he was clearly not qualified." (*Id.*). Both Glover and Pridemore demanded judgment in the amount of $4,000.000.00 each from the Defendants (Ex. 1 at ¶17). After eleven months in the Norfolk Circuit Court, and an opinion letter from the Hon. David W. Lannetti denying the Plaintiffs' motion to strike the Defendants' Plea in Bar on the issue of sovereign immunity, the Plaintiffs attempted to nonsuit the State Actions. Because the Defendants had filed a third-party claim against Willard Marine, Inc., the Plaintiffs could not voluntarily nonsuit as a matter of right.[3] Soon thereafter, the Plaintiffs filed the Federal Actions in this Court. Norfolk Circuit Court set the Defendants' Plea in Bar hearing on the issue of sovereign immunity for June 6, 2017. The Federal Actions allege the same facts and rest on the same theories of liability as the State Actions.[4]

In the Federal Actions, the Plaintiffs again contend that their injuries were caused by the "negligence, gross negligence and recklessness" of Officer Hryniewich in operating *MARINE 5* at too high a speed and initiating too severe a turn for that speed. (Ex. 1 at ¶¶ 14, 17). The Plaintiffs again contend that the City is vicariously liable for Officer Hryniewich's alleged negligence and that it also was negligent in assigning Officer Hryniewich "as the operator of its vessel when he was clearly not qualified." (*Id.*). And finally, each of the Plaintiffs again demand

---

[3] Subsequently, the Defendants filed an additional Third Party complaint against the manufacturer of the Vessel, SAFE Boats International, LLC.

[4] In recognition of an impending running of the statute of limitations, the Defendants also filed a complaint in this Court against SAFE Boats International, LLC, and Willard Marine, Inc., on March 17, 2017. (Case No. 2:17-cv-00159).

4

judgment in the same amount of $4,000.000.00 from the Defendants (ECF No.1 at ¶17). Thus, as of the filing of the instant Motion, identical actions by both Pridemore and Glover are pending against the City of Norfolk and Officer Hryniewich, with Willard Marine and SAFE Boats as "related" defendants, alleging identical causes of action in both this Court and the Norfolk Circuit Court.[5]

## APPLICABLE LAW

Under the abstention doctrine, federal courts abstain from exercising concurrent jurisdiction when "parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983). As a threshold matter, a federal court may apply the abstention doctrine when the state and federal suits are "parallel." *vonRosenberg v. Lawrence*, 849 F.3d 163, 168 (4th Cir. 2017). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *New Beckley Min. Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991) (citations omitted). Once this threshold is met, the court "must determine which of two discretionary standards identified by the Supreme Court of the United States [that] it should apply." *Chase Brexton Health Servs., Inc. v. Maryland* 411 F.3d 457, 463 (4th Cir. 2005); *Liberty Mut. Fire Ins. Co. v. Lumber Liquidators, Inc.*, 314 F.R.D. 180, 184 (E.D. Va. 2016).

For claims seeking relief other than declaratory judgment, the Fourth Circuit has adopted the six factor test enunciated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). The six *Colorado River* factors are:

---

[5] Willard Marine and SAFE Boats, currently defendants in the stand-alone action in this Court, are not yet third-party defendants in the Federal Actions, but both are third-party defendants in the State Actions and both may ultimately become third-party defendants in this Court as well.

(1)   whether the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others;

(2)   whether the federal forum is an inconvenient one;

(3)   the desirability of avoiding piecemeal litigation;

(4)   the relevant order in which the courts obtained jurisdiction and the progress achieved in each action;

(5)   whether state law or federal law provides the rule of decision on the merits; and

(6)   the adequacy of the state proceeding to protect the parties' rights.

*Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 208 (4th Cir. 2006); *Jones v. Jones*, No. 2:16CV93, 2016 WL 5172844, at *6 (E.D. Va. Sept. 13, 2016) (citations omitted).   In addition, following *Moses H. Cone*, courts in the Fourth Circuit have generally applied what is effectively a seventh factor, where appropriate: whether the filing of the parallel suit was vexatious or reactive in nature. *See, e.g., McLaughlin v. United Virginia Bank*, 955 F.2d 930, 934-35 (4th Cir. 1992) (citing *Moses H. Cone*, 460 U.S. at 17, n. 20 (vexatious or defensive reactive use of the federal court system is deserving of "considerable merit" under a *Colorado River* factor abstention analysis)).

In *Moses H. Cone*, the United States Supreme Court explained that federal courts should not use these factors as a "checklist," but rather weigh each factor's importance on a case-by-case basis. *Moses H. Cone*, 460 U.S. at 16.   In general, "*Colorado River* and its progeny contemplate abstention only when 'state court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.'" *Great Am. Ins. Co*, 468 at 208 (quoting *Moses H. Cone*, 460 U.S. at 28).

**ARGUMENT**

Applying the *Colorado River* factors, the Court should abstain from exercising concurrent jurisdiction over the Plaintiffs' Federal Actions because the Federal Actions are truly parallel to the State Actions, the *Colorado River* factors weigh in favor of abstention in this case, and the state forum chosen by the Plaintiffs is an adequate vehicle for complete and prompt resolution of the parties' dispute.   Therefore, the Plaintiffs' Federal Actions amount to forum shopping at the expense of judicial economy, efficiency, and resources.   Because *Colorado River* applies and the factors weigh in favor of abstention, the Court should dismiss the Federal Actions with prejudice, or, in the alternative, stay the Federal Actions pending resolution of the State Actions.

**I.     The Plaintiffs' Federal Actions in this Court are completely parallel with the State Actions pending in Norfolk Circuit Court.**

The Plaintiffs' State and Federal Actions are truly parallel under the *New Beckley* standard because substantially the same parties are litigating substantially the same issues in two different forums. 946 F.2d at 1073.   In fact, *exactly* the same parties are litigating *exactly* the same legal issues and requesting *exactly* the same relief in the two different forums.   On March 21, 2016, the Plaintiffs filed their State Actions against the Defendants, Hryniewich and the City, in the Norfolk Circuit Court. (*See* Ex. 1). On February 23, 2017, the *same* plaintiffs filed their Federal Actions against the *same* defendants. (*See* ECF. No. 1).   And, aside from changes in formatting, the Federal Actions are copies of the State Actions.   Both sets of complaints rest on the same theories of liability, critical and legal facts, and request the same relief.   *See Telesco v. Telesco Fuel & Masons' Materials, Inc.*, 765 F.2d 356, 362 (2d Cir. 1985) (where the Court abstained under *Colorado River*, noting "[m]erely raising an alternative theory of recovery, which may still be raised in state court, is not enough to differentiate the federal suit from the

I-1478432.1

state suit.") (citations omitted).   Because the cases clearly are parallel, the only question that

remains is whether the Court should abstain under the *Colorado River* factors.

## II.   The *Colorado River* factors weigh in favor of abstention.

Of the seven *Colorado River* factors, factor one (regarding jurisdiction over property)

does not apply to this case.  Factor two (regarding the relative convenience of the forums) is in

equipoise.  Factors three, four, and seven, however, weigh heavily in favor of abstention, and the

fifth and sixth factors weigh in favor of abstention, if at all, in this case.

### A.   Factors 3, 4, and 7 weigh strongly in favor of abstention.

*Factor 3 – Piecemeal Litigation: the Court should abstain to avoid piecemeal litigation.*

The third *Colorado River* factor weighs in favor of abstention because parallel processing

of the Plaintiffs' State and Federal Actions would result in piecemeal litigation.  There is a

difference between "parallel" litigation and "piecemeal" litigation.  "Piecemeal litigation occurs

when different tribunals consider the *same* issue, thereby duplicating efforts and possibly

reaching different results." *Gannett Co. v. Clark Const. Grp., Inc.,* 286 F.3d 737, 744 (4th Cir.

2002) (internal quotation marks and citations omitted) (emphasis added).  When interpreting the

third factor, the Supreme Court has found the "mere potential for conflict in the results of

adjudications, does not, without more, warrant staying exercise of federal jurisdiction." *Colorado*

*River*, 424 U.S. at 816.  However, where the parallel suits are so similar that the final resolution

in one court would control the final resolution in the other, piecemeal litigation is implicated and

the threat of it weighs in favor of federal abstention.  *McWilliams v. Broderick,* No. 1:11CV519

JCC, 2011 WL 2669969, at *4 (E.D. Va. July 7, 2011).

In *Vulcan Chemical Technologies, Inc. v. Barker*, for example, the Fourth Circuit

reversed the district court's refusal to abstain, holding that the weight of the *Colorado River*

factors favored abstention. 297 F.3d 332, 335 (4th Cir. 2002). There, the plaintiff sued the defendant in California state court claiming breach of contract. *Id.* The state court ordered arbitration pursuant to the parties' arbitration agreement, but after arbitration was concluded in the defendant's favor, the plaintiff brought a separate action seeking to vacate the award under the Federal Arbitration Act in the District Court for the Western District of Virginia and the defendant filed a motion to *confirm* the arbitral award in state court. *Id.* The defendant moved to stay, abstain, or dismiss under the abstention doctrine, but the district court denied the motion and then vacated the arbitral award—although the state court had already confirmed it. *Id.*

On appeal, the Fourth Circuit found that the lower court should have abstained under *Colorado River*. *Vulcan*, 297 F.3d at 335. In its discussion, the Fourth Circuit found the third *Colorado River* factor favored abstention because "while the threat of piecemeal litigation was not overwhelming [at the time the District Court made its decision], it still lurked as a possibility if the district court exercised federal jurisdiction." *Vulcan*, 297 F.3d at 342. The threat of piecemeal litigation in *Vulcan* was well-founded because the district court's ruling would require the parties to return to state court for one issue, to arbitration for another and the "state court litigation would be appealed through the appellate courts of California, while the arbitration decision would again be reviewed by the district court in Virginia." *Id.* Thus, resolution of the disputes regarding the arbitral award (in the district court) and the breach of contract (in the state court) would require the litigants "look to two forums for resolution of the dispute." *Id.*

In *McWilliams v. Broderick*, the District Court for the Eastern District of Virginia abstained from hearing a federal suit under *Colorado River* because pending duplicative state court proceedings over the same legal issue weighed in favor of abstention. *McWilliams*, No. 1:11CV519 JCC, 2011 WL 2669969, at *3 (E.D. Va. July 7, 2011). In its analysis, this Court

found that the third factor favored abstention because the state and federal claims were "virtually identical" and the outcome of the "faster court" would control the outcome in the "slower court." *Id*. Moreover, it was apparent that the federal action would be "completely disposed of by whatever the state court does." *Id*. Therefore, the district court found that the federal suit was not "merely another piece of litigation; it [was] essentially the same piece that the parties [were] contesting in the state proceedings." *Id.* at *4 (quoting *Automated Sys. & Programming, Inc. v. Cross*, 176 F. Supp. 2d 458, 463 (D. Md. 2001)) *cf. New Beckley*, 946 F.2d at 1074 (state and federal actions though the same were not identical for abstention because the remedies sought and the issues raised were not the same).

Here, as in *McWilliams*, the Plaintiffs' State and Federal Actions are factually and legally identical, such that the outcome in the slower court would be controlled by the outcome in the faster court. And, as in *Vulcan*, there is a substantial risk of rulings on separate issues requiring the parties to look to both forums simultaneously and episodically, lurching from issue to issue through incomplete stages of litigation. The third factor presumes general inconsistences will arise from parallel litigation, but the plainly duplicative nature of the two sets of complaints here, at different stages, align this instance with cases that have applied abstention in order to avoid the risks of piecemeal litigation. Accordingly, factor three alone would provide a sufficient basis for the Court to decline jurisdiction over this case and the Court should therefore grant the instant Motion.

### *Factor 4 – Procedural Posture: the Court should abstain because the State Actions predated and are further along than the Federal Actions.*

The fourth *Colorado River* factor favors abstention because the State Actions started long before the Federal Actions and so are substantially further along than the federal proceedings. Courts measure the fourth factor both by the order the two forums obtained jurisdiction and the

I-1478432.1

relative progress made in each. *Vulcan*, 297 F.3d at 342 (citing *Moses H. Cone*, 460 U.S. at 21). In *Gross*, for example, the Fourth Circuit found this factor to weigh in favor of abstention because the plaintiffs filed their complaint in state court first and the litigation in state court was "further along." 468 F.3d at 209; *accord MidAtlantic*, 497 F. App'x at 283-84 (this factor did not weigh in favor of abstention because the litigation in state court was no further along than the federal action).

In this case, the State Actions were filed first. Glover's trial is set for October 16, 2017 and Pridemore's trial is set for on November 13, 2017. After eleven months, the addition of one third-party, the Defendants' responses to the Plaintiffs' written discovery and document requests, several hearings, and an order denying the Plaintiffs' motion to strike the Defendants' Plea in Bar, the Plaintiffs filed their Federal Actions in this Court. Now, however, the Defendants are engaged in substantial formal discovery in the State Actions as three depositions have already taken place and three more are set for next month. Moreover, an additional third-party defendant has been added and a hearing has been set on June 6, 2017 for the Defendants' Plea in Bar, which if granted would dispose of the State Actions. On the other hand, the instant Motion is the first responsive pleading to be filed in the Federal Actions, and no other action or proceedings have occurred. Thus, based both on the order of their commencement and their procedural progress, the fourth *Colorado River* factor weighs in favor of abstention and the Court should grant the instant Motion.

### *Factor 7 – Reactive Actions: the Federal Actions were filed in response to the state court's denial of the Plaintiffs' motions to strike the Defendants' Plea in Bar.*

The seventh factor favors abstention because the Federal Actions were reactive. This factor requires that the Court analyze, and give "considerable merit to," the sequence of events in the first and second cases relative to the identity of the parties. *Moses H. Cone*, 460 U.S. at 17, n.

20. In *Holland v. Hay*, this Court held that "the reactive nature of the federal suit" counseled in favor of abstention after the plaintiffs had filed their federal actions only after their attempts to remove the case to federal court had failed. *Holland v. Hay*, 840 F. Supp. 1091 (E.D. Va. 1994). Similarly, in *Telesco*, the Second Circuit affirmed the district court's abstention, and found this factor weighed in favor of abstention because the plaintiff filed the federal suit "after he ha[d] suffered some failures in [the] earlier state court action." *Telesco*, 765 F.2d at 363.

Here, as in *Telesco* and *Holland*, the Plaintiffs filed their parallel federal suits after the Norfolk Circuit Court denied their motions to strike the Defendants' Plea in Bar (which if granted may dispose of the State Actions). This is exactly the sort of reactive filing that the courts in *Holland* and *Telesco* abstained from supporting, and which the *Moses H. Cone* Court directed courts to consider carefully when deciding whether to exercise concurrent, parallel jurisdiction. The Plaintiffs and Defendants here are the same in both forums, and the Plaintiffs sued in federal court on the same causes of action after suffering an adverse preliminary ruling in earlier proceedings in the Norfolk Circuit Court. Therefore, the Federal Actions are reactive and the Court should decline to exercise jurisdiction over them.

**B.      Factors 5 and 6 weigh in favor of abstention, if at all, in this case**

*Factor 5 – Ability of State Forum to Render A Rule of Decision: Virginia's interpretation of its sovereign immunity is an issue of state law.*

The fifth *Colorado River* factor favors abstention because the Norfolk Circuit Court is capable of providing the rule of decision on the merits in this case, which involves important issues of state law. Generally, this factor is not applicable and will weigh neutrally when the state court is an adequate forum, and/or the federal and state court enjoy concurrent jurisdiction. This factor will weigh more heavily in the calculus when the state court does *not* provide the rule of decision on the merits, and in that case, it weighs in favor of the federal court's jurisdiction.

12

*Moses H. Cone*, 460 U.S. at 26; *Vulcan*, 297 F.3d at 343.   There are some circumstances, however, where this factor will shift from its neutral position to weighing in favor of abstention if the presence of state-law issues "'weigh in favor of that surrender . . . .'" *McLaughlin*, 758 F. Supp at 381 (quoting *Moses H. Cone*, 460 U.S. at 26)).   Such circumstances may be found in complex or unsettled state-law questions on the merits. *Id.*; *see e.g. American Bankers Ins. Co. v. First State Ins. Co.*, 891 F.2d 882, 886 (11th Cir. 1990) (where the court did not abstain because the case did "not involve any complex questions of state law that would best be resolved by a state court") *cf. Automated Sys. & Programming, Inc., 176 F. Supp. 2d at 463* (where the court abstained because the applicable law in relation to the claim was "100% state-based"); *Telesco*, 765 F.2d at 363 (where the court abstained because the applicable law in the dual proceedings involved a "novel state law theory").

In this case, the Norfolk Circuit Court has held that Virginia's interpretation of its own sovereign immunity would bar the Plaintiffs' suit for lack of jurisdiction due to sovereign immunity if the facts support it.   Virginia's interpretation of its own sovereign immunity is "100% state-based."   Moreover, if the City is unable to qualify for sovereign immunity, the state court would still be just as proper a forum to render a decision on the merits of the Plaintiffs' claims as the federal forum.   Thus, concurrent federal jurisdiction over this proceeding could and would create the type of "needless friction with important state policies" that the *Colorado River* factors aim to avoid.   Therefore, if it holds any weight in the Court's analysis at all, the fifth factor should weigh in favor of abstention.

### Factor 6 – State Court Proceedings: The State Court Proceedings Adequately Protect the Parties' Rights

The sixth *Colorado River* factor favors abstention because the Norfolk Circuit Court proceedings are adequate to protect the parties' rights.   This factor justifies federal jurisdiction

13

when an important federal right is implicated and state proceedings are inadequate to protect that federal right, or it weighs neutrally when state proceedings are just as adequate as federal proceedings to protect such a right. *See Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 723 (1996); *Moses H. Cone*, 560 U.S. at 26.  The Fourth Circuit, however, has noted that "federal courts should abstain out of deference to the paramount interests of another sovereign, and that concern is with principles of comity and federalism." *Gannett*, 286 F.3d at 746 (quoting *Quackenbush,* 517 U.S. at 723)); *see e.g. Quackenbush*, 517 U.S. at 717-718 (where the Court explains the framework of abstention noting that the Court's abstention jurisprudence "reflect[s] a doctrine of abstention appropriate to our federal system, whereby the federal courts, exercising a wise discretion, restrain their authority because of scrupulous regard for rightful independence of the state governments . . . .").  Thus, this factor weighs in favor of abstention where the state court proceeding involves a particular or peculiar nuance of state law and the state court proceeding adequately protects the parties' rights. *Gannett*, 286 F.3d at 746 (where the court combined its analysis of the fifth and sixth factor to conclude that the factors did not favor abstention); *see e.g. Vulcan*, 297 F.3d at 343 (where the Fourth Circuit found this factor weighed neutrally because there was no evidence to suggest the state court was inadequate to protect either party's rights); *McWilliams*, No. 1:11CV519 JCC, 2011 WL 2669969, at *4 (where the Eastern District of Virginia found this factor weighed neutrally because there was "no reason to believe that the state court [was] an inadequate forum for resolving" the parties' dispute).

In this case, the General Maritime Law and 28 U.S.C. § 1333 do not bestow exclusive federal jurisdiction upon this Court.  In fact, as the Plaintiffs have made clear in their state court briefs, the essential purpose of the 'Savings-to-Suitors' clause is to provide concurrent state jurisdiction over maritime claims in order to provide a plaintiff with a choice of forum and all the

I-1478432.1

rights and remedies granted thereby.  However, the 'Savings-to-Suitors' clause will not act to grant a remedy where one does not exist, *i.e.* the clause "saves" to suitors, it does not grant to suitors.  As such, the Norfolk Circuit Court is not only an *adequate* forum for the resolution of the parties' dispute, it is the Plaintiffs' *chosen* forum for the resolution of the dispute.  Further, the key issue in the litigation, state-based sovereign immunity, is solely an issue of state law.

## CONCLUSION

*Colorado River* abstention applies because the proceedings in both forums are sufficiently parallel.  In fact, the proceedings are duplicative.  As a result, two sets of complaints brought by the same Plaintiffs against the same Defendants on the same theories concurrently exist and are pending at different stages in two different forums.  The Defendants' liabilities in both sets of complaints are the same, the Defendants' defenses against both sets of complaints are the same, and both sets of complaints depend on the same witnesses, exhibits, and counsel. The *Colorado River* factors—especially factors three, four, and seven—weigh heavily in favor of abstention in this circumstance.  Accordingly, in the interests of judicial economy and efficiency, the Defendants respectfully request that this Court abstain and dismiss the Plaintiffs' Federal Actions with prejudice or, in the alternative, that it stay all proceedings in the Federal Actions pending the final resolution of the State Actions, including all appeals.

WHEREFORE, Defendants the City of Norfolk and Officer Richard J. Hryniewich respectfully request that the Court grant their instant Motion and enter an order directing the clerk to dismiss the concurrent federal proceedings, or, in the alternative, that it enter an order staying all proceedings, and provide the Defendants such other relief as the Court deems just.

I-1478432.1

Respectfully submitted,

Dated:  April 21, 2017

/s/ David H. Sump__
David H. Sump
(VSB No. 28897)
William A.M. Burke
(VSB No. 89044)
*Counsel for the City of Norfolk, and Officer*
*Richard J. Hryniewich*
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Phone:  (757) 628-5615
Fax:  (757) 333-3615
dsump@wilsav.com
wburke@wilsav.com

16

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of April 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

Keith L. Leonard, Esquire
Huffman & Huffman
Brothers-in-Law, P.L.L.C.
12284 Warwick Boulevard, Suite 2A
Newport News, Virginia 23606
kleonard@huffmanhuffman.com


To the best of my knowledge, there are no other attorneys who require service by U.S. Mail.


/s/ David H. Sump___
David H. Sump
(VSB No. 28897)
William A.M. Burke
(VSB No. 89044)
*Counsel for the City of Norfolk, and Officer*
*Richard J. Hryniewich*
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Phone:  (757) 628-5615
Fax:  (757) 333-3615
dsump@wilsav.com
wburke@wilsav.com

1-1478432.1