**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

DAVID I. GLOVER,

    Plaintiff,

v.                                                       Civil Action No.: 2:17-cv-00109

THE CITY OF NORFOLK, VIRGINIA, and
RICHARD J. HRYNIEWICH,

    Defendants and Third-Party Plaintiffs,

v.

SAFE BOATS INTERNATIONAL, LLC, and
WILLARD MARINE,

    Third-Party Defendants.

_____

TIMOTHY B. PRIDEMORE,

    Plaintiff,

v.                                                       Civil Action No.: 2:17-cv-00110

THE CITY OF NORFOLK, VIRGINIA, and
RICHARD J. HRYNIEWICH,

    Defendants and Third-Party Plaintiffs,

v.

SAFE BOATS INTERNATIONAL, LLC, and
WILLARD MARINE,

    Third-Party Defendants.

**SAFE BOATS INTERNATIONAL L.L.C.'S
ANSWER TO RICHARD J. HRYNIEWICH'S THIRD-PARTY COMPLAINT**

1

Safe Boats International, LLC ("Safe Boats"), by counsel, for its Answer and Affirmative Defenses to the Third-Party Complaint ("Complaint") filed by defendant and Third-Party Plaintiff Richard J. Hryniewich ("Third-Party Plaintiff'"), states as follows:

## ANSWER

To the extent any allegation in the Third-Party Complaint is not expressly admitted herein, it is denied. Safe Boats denies that it is indebted to Third-Party Plaintiff in any sum whatsoever.

## JURISDICTION & VENUE

1. Safe Boats admits the allegations of Paragraph 1 one of the Complaint.

2. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and, therefore, denies them.

3. The allegations of Paragraph 3 of the Complaint state legal principles or pure conclusions of law to which a response is not required. To the extent a response is required, Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and, therefore, denies them.

4. The allegations of Paragraph 4 of the Complaint state legal principles or pure conclusions of law to which a response is not required. To the extent that a response is required Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and, therefore, denies them.

## BACKGROUND FACTS

5. Safe Boats admits that, in 2007, the City of Norfolk purchased a 2007 27-foot Full-Cabin model vessel from it, as alleged in Paragraph 5 of the Complaint. Safe Boats is

without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5 of the Complaint and, therefore, denies them.

6. Safe Boats denies the allegations of Paragraph 6 of the Complaint.

7. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and, therefore, denies them.

8. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and, therefore, denies them.

9. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and, therefore, denies them.

10. Safe Boats denies the allegations of Paragraph 10 of the Complaint.

11. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and, therefore, denies them.

12. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and, therefore, denies them.

13. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and, therefore, denies them.

14. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and, therefore, denies them.

15. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and, therefore, denies them.

16. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and, therefore, denies them.

17. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint and, therefore, denies them.

18. Safe Boats admits the allegations of Paragraph 18 of the Complaint.

19. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and, therefore, denies them.

20. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and, therefore, denies them.

21. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and, therefore, denies them.

22. Safe Boats admits the allegations of Paragraph 22 of the Complaint.

23. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint and, therefore, denies them.

24. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and, therefore, denies them.

25. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint and, therefore, denies them.

26. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and, therefore, denies them.

27. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and, therefore, denies them.

28. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and, therefore, denies them.

29. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint and, therefore, denies them.

30. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and, therefore, denies them.

31. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint and, therefore, denies them.

32. Safe Boats admits the allegations of Paragraph 32 of the Complaint.

## COUNT I
## CONTRIBUTION AND INDEMNITY FOR GENERAL
## MARITIME LAW PRODUCTS LIABILITY

33. Safe Boats incorporates by reference its responses to Paragraphs 1-32 of the Complaint as if fully set forth herein.

34. The allegations of Paragraph 34 of the Complaint state pure conclusions of law to which no response is required. To the extent that a response is required, Safe Boats denies the allegations of Paragraph 34 of the Complaint.

35. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint and, therefore, denies them.

36. Safe Boats denies that it failed to provide engine power limitations related to the turning of the vessel as alleged in Paragraph 36 of the Complaint. The allegation of Paragraph 36 of the Complaint that the vessel was sold in an unreasonably dangerous condition is a pure conclusion of law to which a response is not required. To the extent a response is required, and as to all other allegations of Paragraph 36 of the Complaint, Safe Boats is without information or knowledge sufficient to form a belief as to the truth of them and, therefore, denies them.

37. Safe Boats denies that it failed to exercise reasonable care or that it had or breached any duty to warn as alleged in Paragraph 37 of the Complaint. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37 of the Complaint and, therefore, denies them.

38. Safe Boats denies that it had or breached any duty to warn as alleged in Paragraph 38 of the Complaint. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 38 of the Complaint and, therefore, denies them.

39. Safe Boats denies that it failed to design the vessel to perform maneuvers in a reasonably safe manner as alleged in Paragraph 39 of the Complaint. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 39 of the Complaint and, therefore, denies them.

40. The allegation of Paragraph 40 of the Complaint that the vessel was in an unreasonably dangerous condition is a pure conclusion of law to which a response is not required. To the extent a response is required, and as to all other allegations of Paragraph 40 of the Complaint, Safe Boats is without information or knowledge sufficient to form a belief as to the truth of them and, therefore, denies them.

41. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint and therefore, denies them.

42. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint and therefore, denies them.

43. The allegation of paragraph 43 of the Complaint states a pure conclusion of law to which a response is not required. To the extent a response is required, Safe Boats is without

information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint and therefore, denies them.

44. Safe Boats denies that the vessel was defective in design, that it had or breached any duty to warn, or that it is liable to Third-Party Plaintiffs as alleged in Paragraph 44 of the Complaint. The allegations of Paragraph 44 of the Complaint stating the legal contentions between the Plaintiffs and the Third-Party Plaintiffs are mere recitals to which a response is not required. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 of the Complaint and, therefore, denies them.

## COUNT II
## CONTRIBUTION AND INDEMNITY FOR GENERAL MARITIME LAW STRICT PRODUCTS LIABILITY

45. Safe Boats incorporates by reference its foregoing responses to Paragraphs 1-44 of the Complaint as its response to Paragraph 45 of the Complaint.

46. Safe Boats admits that it builds vessels and sells them to both governmental and private entities foreign and domestic as alleged in Paragraph 46 of the Complaint. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 46 of the Complaint and, therefore, denies them.

47. Safe Boats denies the allegations of Paragraph 47 of the Complaint.

48. Safe Boats denies that there were unspecified defects and any implication that such were due to unspecified faults of Safe Boats as alleged in Paragraph 48 of the Complaint. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48 of the Complaint and, therefore, denies them.

49. Safe Boats denies that it is strictly liable to Third-Party Plaintiff as alleged in Paragraph 49 of the Complaint. The allegations of Paragraph 49 of the Complaint stating the

legal contentions between the Plaintiffs and the Third- Party Plaintiff are mere recitals to which a response is not required. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 49 of the Complaint and, therefore, denies them.

## COUNT III
## CONTRIBUTION AND INDEMNITY
## FOR BREACH OF EXPRESS WARRANTY

50. Safe Boats incorporates by reference its foregoing responses to Paragraphs 1-49 of the Complaint as its response to Paragraph 50 of the Complaint.

51. The allegation of Paragraph 51 of the Complaint that Officer Hryniewich was a foreseeable user of the vessel states a pure conclusion of law to which a response is not required. To the extent a response is required, and as to the remaining allegations of Paragraph 51 of the Complaint, Safe Boats is without information or knowledge sufficient to form a belief as to the truth of them and, therefore, denies them.

52. The allegation of the existence and scope on any warranty as alleged in Paragraph 52 of the Complaint states a pure conclusion of law to which a response is not required. To the extent that factual matters are alleged in Paragraph 52 of the Complaint, they are denied.

53. The allegation of the existence and scope on any warranty as alleged in Paragraph 53 of the Complaint states a pure conclusion of law to which a response is not required. To the extent that factual matters are alleged in Paragraph 53 of the Complaint, they are denied.

54. The allegation of the existence and scope on any warranty as alleged in Paragraph 54 of the Complaint states a pure conclusion of law to which a response is not required. To the extent that factual matters are alleged in Paragraph 54 of the Complaint, they are denied.

55. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint and, therefore, denies them.

56. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Complaint and, therefore, denies them.

57. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint and, therefore, denies them.

58. Safe Boats denies that it breached any warranty as alleged in Paragraph 58 of the Complaint. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 58 of the Complaint and, therefore, denies them.

59. Safe Boats denies that it breached any warranty as alleged in Paragraph 59 of the Complaint. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 59 of the Complaint and, therefore, denies them.

60. Safe Boats denies that it is liable to Third-Party Plaintiff or that it made or breached any warranty as alleged in Paragraph 60 of the Complaint. The allegation of Paragraph 60 of the Complaint that Officer Hryniewich was a foreseeable user of the vessel states a pure conclusion of law to which a response is not required. To the extent a response is required, Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegation and, therefore, denies it.

61. Safe Boats denies that it made or breached any warranties or that it is liable to Third-Party Plaintiff as alleged in Paragraph 61 of the Complaint. The allegations of Paragraph 61 of the Complaint stating the legal contentions between the Plaintiffs and the Third- Party Plaintiff are mere recitals to which a response is not required. Safe Boats is without information

or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 61 of the Complaint and, therefore, denies them.

## COUNT IV
## CONTRIBUTION AND INDEMNITY
## FOR BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

62. Safe Boats incorporates by reference its foregoing responses to Paragraphs 1-61 of the Complaint as its response to Paragraph 62 of the Complaint.

63. The allegation of Paragraph 63 of the Complaint that Officer Hryniewich was a foreseeable user of the vessel states a pure conclusion of law to which a response is not required. To the extent a response is required, and as to the remaining allegations of Paragraph 63 of the Complaint, Safe Boats is without information or knowledge sufficient to form a belief as to the truth of them and, therefore, denies them.

64. Safe Boats admits only that it has manufactured and sold 27' Full Cabin vessels as alleged in Paragraph 64 of the Complaint. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 64 of the Complaint and, therefore, denies them.

65. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Complaint and, therefore, denies them.

66. The allegation of Paragraph 66 of the Complaint that Safe Boats is a merchant states a pure conclusion of law to which a response is not required. To the extent a response is required, and as to the remaining allegations of Paragraph 66 of the Complaint, they are denied.

67. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Complaint and, therefore, denies them.

68. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Complaint and, therefore, denies them.

69. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Complaint and, therefore, denies them.

70. Safe Boats denies that it made or breached any warranty as alleged in Paragraph 70 of the Complaint. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 70 of the Complaint and, therefore, denies them.

71. Safe Boats denies that it made or breached any warranty as alleged in Paragraph 71 of the Complaint. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 71 of the Complaint and, therefore, denies them.

72. Safe Boats denies that it is liable to Third-Party Plaintiff or that it made or breached any warranty as alleged in Paragraph 72 of the Complaint. The allegation of Paragraph 72 of the Complaint that Officer Hryniewich was a foreseeable user of the vessel states a pure conclusion of law to which a response is not required. To the extent a response is required, and as to the remaining allegations of Paragraph 72 of the Complaint, Safe Boats is without information or knowledge sufficient to form a belief as to the truth of them and, therefore, denies them.

73. Safe Boats denies that it made or breached any warranties or that it is liable to Third-Party Plaintiff as alleged in Paragraph 73 of the Complaint. The allegations of Paragraph 73 of the Complaint stating the legal contentions between the Plaintiffs and the Third-Party Plaintiff are mere recitals to which a response is not required. Safe Boats is without information

or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 73 of the Complaint and, therefore, denies them.

## COUNT V
## CONTRIBUTION AND INDEMNITY
## FOR BREACH OF IMPLIED FITNESS [SIC]
## FOR A PARTICULAR PURPOSE
## (IN THE ALTERNATIVE TO COUNT IV)

74. Safe Boats incorporates by reference its foregoing responses to Paragraphs 1-73 of the Complaint as its response to Paragraph 74 of the Complaint.

75. The allegation of Paragraph 75 of the Complaint that Officer Hryniewich was a foreseeable user of the vessel states a pure conclusion of law to which a response is not required. To the extent a response is required, and as to the remaining allegations of Paragraph 75 of the Complaint, Safe Boats is without information or knowledge sufficient to form a belief as to the truth of them and, therefore, denies them.

76. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 76 of the Complaint and, therefore, denies them.

77. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 77 of the Complaint and, therefore, denies them.

78. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 78 of the Complaint and, therefore, denies them.

79. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 79 of the Complaint and, therefore, denies them.

80. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 80 of the Complaint and, therefore, denies them.

81. Safe Boats denies that it made or breached any warranty as alleged in Paragraph 81 of the Complaint. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 81 of the Complaint and, therefore, denies them.

82. Safe Boats denies that it made or breached any warranty as alleged in Paragraph 82 of the Complaint. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 82 of the Complaint and, therefore, denies them.

83. Safe Boats denies that it is liable to Third-Party Plaintiff or that it made or breached any warranty as alleged in Paragraph 83 of the Complaint. The allegation of Paragraph 83 of the Complaint that Officer Hryniewich was a foreseeable user of the vessel states a pure conclusion of law to which a response is not required. To the extent a response is required, and as to the remaining allegations of Paragraph 83 of the Complaint, Safe Boats is without information or knowledge sufficient to form a belief as to the truth of them and, therefore, denies them.

84. Safe Boats denies that it made or breached any warranties or that it is liable to Third-Party Plaintiff as alleged in Paragraph 84 of the Complaint. The allegations of Paragraph 84 of the Complaint stating the legal contentions between the Plaintiffs and the Third-Party Plaintiff are mere recitals to which a response is not required. Safe Boats is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 84 of the Complaint and, therefore, denies them.

**AFFIRMATIVE DEFENSES**

1. The Third-Party Complaint fails to state a claim upon which relief can be granted.

2. The subject incident and alleged damages were caused by improper operation or improper modification of the subject vessel by persons or entities for which Safe Boats is not responsible.

3. Third-Party Plaintiff's claims are barred by his assumption of the risk.

4. Third-Party Plaintiff's claims are barred by the doctrine of estoppel.

5. Third-Party Plaintiff's claims are barred by his own negligence.

6. Third-Party Plaintiff's claims are barred by his spoliation of evidence.

7. Safe Boats denies that it was negligent or that it breached any duty allegedly owed to Third-Party Plaintiffs.

8. Safe Boats denies that it made or breached any warranty.

9. To the extent that any warranties are found to exist, they were waived by Third-Party Plaintiff.

10. Third-Party Plaintiff's claims are barred because all conditions in question were open and obvious.

11. Third-Party Plaintiff's claims are barred by the learned intermediary doctrine.

12. Third-Party Plaintiff's claims are barred by the sophisticated user doctrine.

13. Third-Party Plaintiff's claims are barred because the vessel was used in an unlikely, unexpected, or unreasonable manner.

14. Plaintiff did not suffer any injuries or damages as the result of any act, omission or breach of warranty by Safe Boats.

15. Plaintiff's recovery is barred by his assumption of the risk of injury.

16.     Plaintiff's recovery is barred by his own negligence.

17.     The causes of action in this case are the subject of an identical proceeding in the Circuit Court for the City of Norfolk, Virginia and is therefore duplicative and/or barred by collateral estoppel and/or *res judicata* and should be dismissed.

18.     Safe Boats reserves the right to amend this pleading and to assert any other defenses that may become apparent from evidence discovered during the course of this litigation or introduced at the trial of this matter.

WHEREFORE, Safe Boats moves for entry of an Order dismissing the Third-Party Complaint with prejudice, and awarding Safe Boats its taxable costs incurred, together with all other just and necessary relief.

Dated:  January 2, 2018                SAFE BOATS INTERNATIONAL, LLC


*/s/ James L. Chapman, IV*
James L. Chapman, IV, VSB No. 21983
Darius Davenport, VSB No. 74064
CRENSHAW, WARE &MARTIN, P.L.C.
150 West Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
ddavenport@cwm-law.com
*Attorneys for the SAFE Boats International, LLC*

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 2nd day of January, 2018, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Eastern District of Virginia, Norfolk Division, using the electronic case filing system of the court. The electronic case filing system will send a "Notice of Electronic Filing" to the following attorneys of record:

| | |
|---|---|
| David H. Sump, Esq., VSB No. 28897<br>William A.M. Burke, Esq., VSB No. 89044<br>Willcox & Savage, P.C.<br>440 Monticello Ave., Suite 2200<br>Norfolk, Virginia 23510<br>Telephone: (757) 628-5500<br>Facsimile: (757) 628-5566<br>wburke@wilsav.com<br>dsump@wilsav.com<br>*Counsel for The City of Norfolk, Virginia and Richard J. Hryniewich* | Mark T. Coberly, Esq.<br>Jennifer L. Eaton, Esq.<br>Vandeventer Black LLP<br>500 World Trade Center<br>Norfolk, Virginia 23510<br>Telephone: 757-446-8600<br>mcoberly@vanblacklaw.com<br>jeaton@vanblacklaw.com<br>*Counsel for Willard Marine, Inc* |
| Keith L. Leonard, Esq.<br>Huffman & Huffman Brothers-In-Law, P.L.L.C.<br>12284 Warwick Boulevard, Suite 2A<br>Newport News, Virginia 23606<br>Telephone: 757-319-4085<br>kleonard@huffmanhuffman.com<br>*Counsel for Plaintiff* | */s/ James L. Chapman, IV*<br>James L. Chapman, IV, VSB No. 21983<br>Darius Davenport, VSB No. 74064<br>CRENSHAW, WARE &MARTIN, P.L.C.<br>150 West Main Street, Suite 1500<br>Norfolk, Virginia 23510<br>Telephone: (757) 623-3000<br>Facsimile: (757) 623-5735<br>jchapman@cwm-law.com<br>ddavenport@cwm-law.com<br>*Attorneys for the SAFE Boats International, LLC* |