IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

DAVID I. GLOVER

    **Plaintiff,**

v.              CIVIL ACTION NO.: 2:17-cv-109

RICHARD J. HRYNIEWICH

and

THE CITY OF NORFOLK, VIRGINIA

    **Defendants and Third-Party Plaintiffs,**

v.

SAFE BOATS INTERNATIONAL, LLC, and
WILLARD MARINE, INC.,

    **Third-Party Defendants.**

**PLAINTIFF'S BRIEF IN OPPPOSITION TO DEFENDANT
NORFOLK'S MOTION TO STAY**

  COMES NOW the Plaintiff, DAVID I. GLOVER, and in opposition to Defendant Norfolk's Motion to Stay previously filed herein states as follows:

**INTRODUCTION**

  This action is a maritime cause of action brought both under the general maritime law of the United States and the provisions of 33 U.S.C. §905(b) of the Longshore and Harbor Workers Compensation Act ("LHWCA"). The Defendant, The City of Norfolk, is a non-immune municipal corporation sued under three principal theories of liability as a result of the capsize of one of its vessels that resulted in severe and permanent injuries to the Plaintiff: vicarious liability as a result of the negligence of its employee, Richard Hryniewich, in capsizing the vessel, for

1

breach of its active control duty as owner of the vessel and for negligence in the selection of an incompetent operator. These theories of liability and recovery were sufficiently pled in the Plaintiff's original Complaint filed on February 23, 2017 and expounded upon in the Amended Complaint filed on January 20, 2020 pursuant to leave granted by this Court.[1]

This Court previously granted Hryniewich qualified immunity for his role in this incident. However, this Court denied the Defendant's claim to vicarious immunity through Hryniewich's immunity and its separate claim to its own sovereign immunity. The Defendant now seeks to stay the case as a result of its pronounced plan to file an interlocutory appeal. It cites 28 U.S.C. §1292(a)(3) as one basis for its planned appeal as well as 28 U.S.C. §1291 and the accompanying collateral order doctrine. Neither of these are legitimate bases for appeal in this case given that any order this Court enters denying the City's vicarious immunity claim as well as its own claim to immunity is not the type of order allowed in the 4th Circuit to be appealed at this stage and also does not qualify as one under the small class of orders appealable under the collateral order doctrine. The Defendant, a municipality, sued in admiralty in this case, has no immunity that it can claim or seek to have vindicated, which is a prerequisite for appealability under both 28 U.S.C. §1292(a)(3) and the collateral order doctrine. As such, the Motion should be denied.

## ARGUMENT

**I.       The Defendant does not have a recognized admiralty right to invoke and 28 U.S.C. §1292(a)(3) is inapplicable given its narrow construction.**

---

[1] To plead a case of vicarious liability or *respondeat superior*, a plaintiff need only plead facts that establish an employer/employee relationship existed and that the employee was within the scope of his employment at the time he committed the act. *McNeill v. Spindler*, 191 Va. 685 (1950); *Stevens v. Berry*, 2011 WL 3320773 (E.D.Va. 2011). The Plaintiff's initial Complaint sufficiently alleged these facts. The breach by the Defendant of its active control duty under §905(b) of the LHWCA was also sufficiently pled in ¶¶1, 4, 10, 11, 13 and 17 of the Plaintiff's initial Complaint.

This Court's denial of immunity to the Defendant is not a determination of the Defendant's admiralty rights and liabilities to warrant appeal under 28 U.S.C. §1292(a)(3). While that section states that courts of appeals have jurisdiction of appeals from interlocutory decrees determining the "rights and liabilities" of parties in admiralty cases, the 4th Circuit has never construed that section as broadly as the Defendant wants it to here.

Initially, the courts of appeals' primary jurisdiction lie in the provisions of 28 U.S.C. §1291 where Congress directed that courts of appeals "shall have jurisdiction of appeals from all *final* decisions of the district courts of the United States" (emphasis added). Congress enacted an exception to §1291 in enacting §1292. *Evergreen Intern. (USA) Corp. v. Standard Warehouse*, 33 F.3d 420, 424 (4th Cir. 1994). As §1292 is an exception to the finality requirement of §1291, it is to be construed narrowly. *Id.* See also *Miskiewicz v. Goodman*, 341 F.2d 828 (4th Cir. 1965).

In *Evergreen*, the court discussed at length the Congressional rationale behind the enactment of §1292(a)(3). Traditionally, admiralty cases were bifurcated with first a trial on liability followed by a separate trial on damages. At that time, the legislature felt there were compelling enough reasons to allow an immediate appeal on liability prior to a trial on damages. Outside of this specific posture, the 4th Circuit has recognized the Congressional intent that "[s]ection 1292(a)(3) was not intended to clutter the federal docket with interlocutory odds and ends." *Id.*, at 425 (quoting *City of Fort Madison v. EMERALD LADY*, 990 F.2d 1086, 1088 (8th Cir. 1993)).

Specifically, the 4th Circuit has stated the following: "This circuit's treatment of the applicability of §1292(a)(3) outside the originally animating procedural posture has been fairly consistent and restrained." *Evergreen*, at 425. The *Evergreen* court goes on to cite persuasively

3

one treatise that noted "there is a strong argument that appeals should not be allowed merely because an admiralty court has determined, on the merits, some of the claims between all of the parties, or all of the claims between some of the parties." *Id.*, at 425 (quoting 16 Charles Alan Wright et al., Federal Practice and Procedure §3927, at 120 (1977)).  As a result, the court held that "the better course is to hold the exception to hew closely to the procedural posture that justified its inception" and "to construe this exceptive statute narrowly, and thus limit the statute's special treatment to the special circumstances that justified its inception." *Id.*  Certainly the "liabilities" of the Defendant have not been decided.  As discussed in detail below, neither have any of the Defendant's "rights."  Application by this Court of the language of §1292(a)(3) and particularly the standards in the 4th Circuit with respect to §1292(a)(3) should result in denial of the Defendant's motion on that ground.

## II. The Court's ruling denying immunity to the Defendant is not one of the small classes of rulings that qualify for appealability under the collateral order doctrine.

The Defendant further seeks a stay on the grounds that under both 28 U.S.C. §1291 and the collateral order doctrine it will appeal this Court's ruling denying it immunity.  The collateral order doctrine, not contained in §1291 itself but instead finding its origin in the decisions of the Supreme Court, "accommodates a 'small class' of rulings, not concluding the litigation, but conclusively resolving 'claims of right separable from, and collateral to, rights asserted in the action.'"  *Will v. Hallock*, 546 U.S. 345, 349, 126 S.Ct. 952, 957 (2006).  The conditions under which the collateral order doctrine are to be applied are "stringent" as it is an exception to the general rule "that a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated."  *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868, 114 S.Ct. 1992

4

(1994). The Court in *Will* stated the following with regard to the stringent conditions under which the doctrine is to be applied

> [U]nless they are kept so, the underlying doctrine will overpower the substantial finality interests §1291 is meant to further; judicial efficiency, for example, and the "sensible policy 'of avoid[ing] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise.'"

*Will*, at 350, 958 (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S.Ct. 669 (1981) (quoting *Cobbledick v. United States*, 309 U.S. 323, 325, 60 S.Ct. 540 (1940))).

Importantly, the clear foundation to a party seeking an appeal under the collateral order doctrine is a "right" that party has and seeks to invoke. However, it is axiomatic that such a right must actually exist. No such right exists for the Defendant. The Court in *Will* noted the following "small class" of lower court rulings which dealt with immunity from civil suit that qualified under the collateral order doctrine: absolute immunity (*Nixon v. Fitzgerald*, 457 U.S. 731, 102 S.Ct. 2690 (1982)), qualified immunity (*Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806 (1985)), and a state's Eleventh Amendment immunity (*Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 113 S.Ct. 684 (1993)). Critically, all three immunities *actually existed* under the applicable law and the defendant in each case was an individual/entity that otherwise had standing to claim such an immunity.

The Court in *Will* discussed this point after identifying those narrow classes of immunity rulings enumerated above that qualified for appeal under the collateral order doctrine. In discussing those examples, the Court stated they "admittedly raise the lawyer's temptation to generalize. In each case, the collaterally appealing party was vindicating or claiming a right to avoid trial." *Will*, at 350, 958. This is the critical point. Such a right to immunity must at least exist under the applicable law of a case for a defendant to be able to vindicate or claim. No right

5

can be vindicated or claimed if that right does not exist.  Governmental immunity for a municipality sued in admiralty does not exist.

      This is an admiralty case.  The Defendant, a municipality, has no immunity from this suit under the applicable substantive law that it is able to even claim a "right" to, much less be granted.  The Court in *Workman v. City of New York, 179 U.S. 552 (1900)* foreclosed the ability of a municipality sued in admiralty to claim governmental immunity.  Over 100 years later, in *Northern Insurance Co. of New York v. Chatham County, Ga.,* 547 U.S. 189 (2006), the Court denied the specific request of that defendant county/municipality for immunity citing and explaining *Workman*.  The *Northern Insurance* Court confirmed the continued distinction between a municipality and a state or "arm of the state."  The Court clearly reiterated the rule that a municipality may be sued in admiralty and does not have a right to immunity.  Therefore, there is no right the Defendant has that it can be vindicating or claiming.

      The 4th Circuit also recognized the distinction between municipalities' claims for immunity and those of states and government officials in *South Carolina State Board of Dentistry v. Federal Trade Commission*, 455 F.3d 436 (4th Cir. 2006), a case dealing with the collateral order doctrine and its applicability to the denial of "*Parker* protection."  Initially, the court recognized the general rule that "a party may only appeal from an order that 'ends litigation on the merits and leaves nothing for the court to do but execute the judgment.'"  *Id.*, at 440 (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631 (1945).  The court quotes both *Will* and *Digital Equip. Corp.* in emphasizing the narrow, modest scope of the collateral order doctrine.  "If we held otherwise, the important interests protected by the final judgment rule 'would fade out whenever the government or an official lost an early round that could have stopped the fight.'"  *Id.*, at 445 (quoting *Will*, 126 S.Ct. at 960).

The *South Carolina* court then discusses the right to claim immunity. They recognize that individual government officials and states may claim qualified or sovereign immunity, respectively, but municipalities may not. "[B]ecause suits against municipalities threaten neither officers' initiative or states' dignity, cities may not assert either a qualified or sovereign immunity defense." *Id.*, at 446 (referencing *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398 (1980) and *Will*). They then go on to discuss the distinction between municipalities and government officials/states in claims for immunity. The court, in addressing that defendant's argument that all *Parker* protection denials are immediately appealable, clearly distinguished between those defendants who have a right to claim immunity and those who do not. The Defendant in our case is also generalizing all immunity denials when it states "[b]ecause sovereign immunity is an entitlement not to stand trial…the denial of such a motion is an immediately appealable order as a matter of law." *Glover v. Hryniewich, et al.*, No. 2:17cv109, Doc. 168, p 4.[2] This is the generalizing warned against in *Will* as quoted above on page 5 of this Brief. The *South Carolina* court also addressed this generalizing issue as raised by that defendant that all *Parker* protection denials should be immediately appealable and stated the following in addressing that defendant's ("Board's") argument on this issue:

> These incongruities fatally undermine the Board's claim that a denial of *Parker* protection, like a denial of qualified or sovereign immunity, should be immediately appealable. We simply cannot countenance the results that would accrue if we were to make all *Parker* denials appealable because, in *some but not all* cases, the underlying suit would threaten the harms against which qualified and sovereign immunity protect…[T]his holding would allow a city, *or even a private party*, to appeal denials of *Parker* protection because a different defendant – the state – would

---

[2] Third-party Defendant Safe Boats also makes this generalization when it writes "the Court's denial of the City's summary sudgment motion on immunity grounds is an immediately appealable collateral order" and then cites to *Puerto Rico Aqueduct* for support, a case specifically concerning the immunity of a state/arm of a state. *Glover v. Hryniewich, et al.*, No. 2:17cv109, Doc. 175, p 2.

7

>arguably suffer an indignity if sued by a private party for damages. The Board's argument attempts to pry qualified and sovereign immunity loose from their moorings.

*Id.*, at 447 (emphases in original).

The reason for this rule is undoubtedly that municipalities do not have qualified or sovereign immunity in this context and therefore have no right to not stand trial which they can claim or seek to vindicate on appeal. Given the language in *South Carolina,* the 4th Circuit will dismiss the claimed right of immunity by a municipality in this case just as it would the claim of immunity by a private party. Neither has immunity when sued in admiralty and so neither is granted an immediate appeal.

The Defendant cites to *Davis v. City of Greensboro, NC*, 770 F.3d 278 (4th Cir. 2014) for the proposition that a denial of a motion to dismiss by a city asserting sovereign immunity is immediately appealable. While it is true that the *Davis* court applied §1292 and granted an exception to the finality requirement of §1291, it did so precisely because immunity was potentially available to the defendant under substantive North Carolina law. The case involved, *inter alia*, a contract dispute between the municipality and certain of its employees. The court held that it must look to the applicable substantive law in evaluating a municipality's claim for immunity, in that case North Carolina substantive law. In North Carolina, municipalities are given governmental immunity regarding certain contracts they enter. In other words, the substantive law of North Carolina allows for a municipality to have governmental immunity in certain specific contract actions.

In our case, sued in admiralty, there simply is no immunity for the Defendant, a municipality, and this has been the established law for 120 years. The Supreme Court in *Workman* specifically held so and this Court has acknowledged the clearness of that holding. In

2006, the *Workman* decision was affirmed as the rationale in *Northern Insurance* for the denial of a specific request for immunity by the defendant on the grounds that municipalities sued in admiralty do not get sovereign or governmental immunity. Therefore, based on *Will* and 4th Circuit precedent, because the substantive law of admiralty does not provide for immunity for the Defendant, this Court's ruling correctly denying an immunity that does not exist is not one of the "small classes" of rulings to which the collateral order doctrine applies.

### III.  In the absence of an appealable interlocutory decree, no stay should be granted.

Given there is no appealable issue for the Defendant at this stage, the case should proceed to trial as planned. The notion of staying the case might only apply if there were a valid appealable issue at this stage. The four-factor test discussed at length by the Defendant is therefore inapplicable.[3]

Nevertheless, the four factors weigh against the Defendant anyway. Factor one, the likelihood of success on appeal, weighs *heavily* against the Defendant. As set forth in the Plaintiff's Brief in Opposition to the Defendant's Motion for Summary Judgment, the overwhelming majority of courts have held that an otherwise non-immune principal does not get immunity simply because its agent is immune. Further, the dismissal of Hryniewich from the case on qualified immunity grounds is not a determination that he was not negligent and therefore it has no effect on the vicarious liability claim against the Defendant based on the rules explained clearly in Virginia as set forth in *Hughes v. Doe*, 273 Va. 45, 639 S.E.2d 302 (2007).

---

[3] In the absence of a genuinely appealable issue at this stage, the discussion by the Defendant and Safe Boats regarding such an appeal divesting this Court of jurisdiction is moot. Nevertheless, more recent decisions than those cited by either of these parties stand for the proposition that this Court would not be divested of jurisdiction during such an appeal. *Columbus-America Discovery Group v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 301 (4th Cir.2000); *R.M.S. Titantic, Inc. v. The Wrecked & Abandoned Vessel*, 327 F.Supp.2d 664 (2004).

In the 4th Circuit, state substantive law is what is examined in determining the viability of claims against a non-immune principal after the dismissal of the agent. *Harrison v. Edison Bros. Apparel Stores, Inc.*, 924 F.2d 530, 534 (1991) (applying the effect of substantive North Carolina law to this issue). Applying substantive Virginia law here, principally *Hughes*, no procedural dismissal (with prejudice or otherwise) of an agent is a determination on the merits, nor is it an adjudication of negligence or liability, nor does it operate to defeat a claim of vicarious liability against the principal. Therefore, the granting to Hryniewich of qualified immunity has no effect on the vicarious liability claims against the Defendant. Further, it has absolutely no effect on the claims for breach of the active control duty or the selection of an incompetent operator

On a final note regarding factor one, the likelihood of the Defendant having *Workman* and, consequently, *Northern Insurance* overturned is incredibly low. It has been the law for over 120 years. It has been cited to extensively throughout the decades in this country.[4] The *Northern Insurance* Court in 2006 upheld *Workman* as the very basis for not granting a county/ municipality immunity. The Defendant has previously taken the position that *Northern Insurance* discussed *Workman* as an afterthought but it is specifically the precedent and rule of law the Court cited in denying the request for immunity. The Defendant has virtually no chance of success on this issue.

Factor two, harm to the movant, has really been addressed in Sections I and II of this brief. The Defendant seeks to vindicate or claim a right to immunity that does not exist. Municipalities stand trial when sued in admiralty courts. Again, this is the holding of *Workman* and *Northern Insurance*. The Defendant states "the denial of a stay here will deprive the City of its immunity from suit." *Glover v. Hryniewich, et al.*, No. 2:17cv109, Doc. 168, p 10. This

---

[4] Westlaw has the number of citing decisions at 195.

Court should have one response to this statement: the rhetorical question "What immunity from suit?" There is none for municipalities sued in admiralty. It is only a litigant in the class of entities that may claim a right not to stand trial based on actual substantive law that could be harmed by a denial of such a right and being subjected to trial. The Defendant is not one of those entities and has no such right here.

Factor three, prejudice to other parties, weighs in favor of the Plaintiff. The incident given rise to this litigation occurred nearly six years ago. The Plaintiff has already endured a previous stay of over one year in this Court. The Plaintiff would undoubtedly be prejudiced by allowing the Defendant to delay trial on the merits to appeal a claim of immunity that it does not have. Certainly, as in *South Carolina*, a non-immune private party could not prejudice a plaintiff with a claim to immunity it has no substantive right to nor should the non-immune Defendant municipality here.

Factor four, the public interest, weighs against the stay. As the Defendant points out and the Plaintiff agrees, the public certainly has an interest in moving proceedings forward and having them resolved as promptly as possible. *Glover v. Hryniewich, et al.*, No. 2:17cv109, Doc. 168, p 11. Additionally, the use of government resources, already having been taxed significantly by the Defendant itself in not having resolved this case with the Plaintiff literally years ago, would be much better served by having the matter decided on the merits and then, if even necessary at all, pursue a single appeal of all appealable issues. Further, if the Defendant were comfortable with its liability position, it should most certainly take this track.

## **CONCLUSION**

The Defendant has no substantive right under existing law to immunity in this case. Therefore, it has no "right" that this Court has determined in order to trigger the provisions of 28

11

U.S.C. §1292(a)(3) given the narrow construction of that section and its restrained application by the 4th Circuit as a result of its clear original intent.  Further, the denial to the Defendant of a right to immunity that does not exist under the law is a bar to the applicability of the collateral order doctrine, the foundation of which is the necessity under substantive law of the availability of immunity.  As there is no immediately appealable issue, the Defendant's Motion should be denied.

                    DAVID I. GLOVER

                    /s/ Keith J. Leonard
Keith J. Leonard, Esquire
VSB No. 65668
Huffman & Huffman, Brothers-in-Law, P.L.L.C.
12284 Warwick Boulevard, Suite 2A
Newport News, VA 23606
Tel:  757-599-6050
Fax: 757-591-2784
kleonard@huffmanhuffman.com
Counsel for the Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of January, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David H. Sump, Esquire
William A. M. Burke, Esquire
Willcox & Savage, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, VA 23510
dsump@wilsav.com
wburke@wilsav.com
Counsel for the Defendants

John Becker Mumford, Jr., Esquire
John S. Buford, Esquire
Hancock Daniel & Johnson
4701 Cox Road, Suite 400
Glen Allen, VA 23060
jmumford@hancockdaniel.com
jbuford@hancockdaniel.com
Counsel for Willard Marine, Inc.

James L. Chapman, IV, Esquire
Darius K. Davenport, Esquire
David C. Hartnett, Esquire
Crenshaw, Ware & Martin, PLC
150 West Main Street
Suite 1500, Norfolk, VA 23510
jchapman@cwm-law.com
ddavenport@cwm-law.com
dhartnett@cwm-law.com
Counsel for Safe Boats International, Inc.

  /s/ Keith J. Leonard_____
Keith J. Leonard, Esquire
VSB No. 65668
Huffman & Huffman, Brothers-in-Law, P.L.L.C.
12284 Warwick Boulevard, Suite 2A
Newport News, VA 23606
Tel:  757-599-6050
Fax: 757-591-2784
kleonard@huffmanhuffman.com
Counsel for the Plaintiffs

13