IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| DAVID I. GLOVER <br><br> and <br><br> TIMOTHY B. PRIDEMORE, <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD J. HRYNIEWICH, *et al.*, <br> Defendants. | Civil Action No. 2:17CV109 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court on Third-Party Defendant Willard Marine, Inc.'s Motion to Bifurcate (ECF No. 216). The motion has been briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated herein, the Court will grant Third-Party Defendant Willard Marine, Inc.'s Motion to Bifurcate (ECF No. 216).

**I. FACTUAL ALLEGATIONS**

In 2007, the City of Norfolk ("the City") purchased a vessel, Marine 5, from Safe Boats International, LLC, ("Safe Boats") to use in maritime security operations. (ECF No. 27 ¶¶ 5-8.) In 2014, the City contracted with Willard Marine, Inc. ("Willard Marine") to replace Marine 5's twin 250 horsepower engines with twin 300 horsepower engines and to replace the steering system, so the vessel would be capable of reaching its maximum speed. (ECF No. 28 ¶¶ 5-8; ECF No. 27 ¶ 20.) The contract called for Willard Marine to conduct a sea trial with employees of the City. (ECF No. 28 ¶¶ 9, 14.) If the City's employees were satisfied with Marine 5's

performance during the sea trial, they would accept delivery of the vessel on behalf of the City. (*Id.* ¶ 14.)

The City claims that the contract with Willard Marine required Willard Marine to obtain workers' compensation, commercial general liability, and excess insure coverage. (*Id.* ¶ 19.) Further, the City was to be named as an additional insured, and the coverage was supposed to cover the City's representatives during the sea trial. (*Id.* ¶¶ 19-22.) The City alleges that Willard Marine failed to obtain the required insurance policies. (*Id.* ¶¶ 22-24.)

According to the Plaintiffs, Glover and Pridemore, the following occurred on March 21, 2014. The sea trial was conducted on March 21, 2014. (ECF No. 1 ¶ 7.) Defendant Hryniewich ("Hryniewich") and two other city employees were present on behalf of the City. (*Id.* ¶ 8.) Plaintiffs Glover and Pridemore were present on behalf of Willard Marine. (*Id.*) During the sea trial, Hryniewich thought there was a steering and handling issue. (*Id.* ¶10.) After consulting with the other city employees, Hryniewich pushed the vessel to a high speed and made a hard turn. (*Id.* ¶ 11.) The vessel capsized and all those on board were thrown into the water. (*Id.* ¶ 12.) Glover and Pridemore suffered severe injuries and were transported to a local hospital. (*Id.*; Compl. ¶ 12, *Pridemore v. Hryniewich et al.*, No. 2:17cv110 (E.D. Va. Feb. 23, 2017), ECF No. 1.)

## II. PROCEDURAL HISTORY

Plaintiffs filed their respective Complaints on February 23, 2017. (ECF No.1; Compl., *Pridemore v. Hryniewich et al.*, No. 2:17cv110 (E.D. Va. Feb. 23, 2017), ECF No. 1.)[1] Defendants Hryniewich and the City of Norfolk ("Defendants") filed a Motion to Dismiss or

---

[1] These cases have been consolidated on three separate occasions. On March 6, 2017, the cases were consolidated for the purpose of discovery only. (ECF No. 4.) In a motion hearing on January 15, 2020, the Court consolidated the cases for trial, excluding the contract claim of Willard Marine. (ECF No. 165.) On February 7, 2020, an order consolidated the cases for all further proceedings. (ECF No. 189 at 31.) As such, this opinion will only cite to documents filed in the lead case.

Stay on April 4, 2017, based on the abstention doctrine as the Plaintiffs had also filed complaints (the "State Actions") in the Circuit Court for the City of Norfolk ("Norfolk Circuit Court"). (ECF Nos. 5-6.) This motion was granted on August 4, 2017, and the case was stayed pending the Norfolk Circuit Court's ruling on Defendants' Plea in Bar in the State Actions. (ECF No. 11.) The Norfolk Circuit Court sustained the Plea in Bar as to the City and sustained in part and overrule in part the Plea in Bar as to Hryniewich. (ECF No. 12.)

Defendants filed Third-Party Complaints against Willard Marine on October 31, 2017. (ECF Nos. 26, 28.) On that day, Defendants also filed Third-Party Complaints against Safe Boats. (ECF Nos. 27, 29.) Willard Marine filed Answers on December 29, 2017. (ECF Nos. 45-46.) Willard Marine's Answer to the City's Third-Party Complaint contained a Counterclaim against the City. (ECF No. 45.) The City filed an Answer to Willard Marine's Counterclaim on January 18, 2018. (ECF No. 53.)

On March 9, 2018, the Norfolk Circuit Court certified interlocutory appeal to the Supreme Court of Virginia in the State Actions. (ECF No. 57-1.) On July 20, 2018, Willard Marine filed a Motion to Stay the Third-Party Complaints pending the resolution of the underlying tort actions. (ECF No. 65.) Judge Henry Coke Morgan granted the Motion to Stay the Third-Party Complaints on October 5, 2018. (ECF No. 108.)

On October 9, 2019, the Norfolk Circuit Court granted Motions for Summary Judgment filed by Defendant Hryniewich, on the basis of federal qualified immunity, in the State Actions. (ECF No. 144.) On October 28, 2019, the Norfolk Circuit Court entered orders in the State Actions dismissing with prejudice the suits against Hryniewich but left pending the Third-Party claims against Willard Marine. (*Id.*) On October 31, 2019, the Norfolk Circuit Court entered Agreed Orders in the State Actions indefinitely staying the Third-Party claims pending the resolution of the instant suits in this Court. (*Id.*)

The City filed a Motion for Summary Judgment on December 6, 2019. (ECF No. 152). The Court denied this motion during a hearing on January 15, 2020. (ECF No. 166 at 3.) On January 17, 2020, the City filed a Motion to Stay, as it planned to appeal the Court's January 15 ruling once it was memorialized in a written opinion. (ECF No. 167.) On February 7, 2020, the Court issued a written opinion denying the Motion for Summary Judgment and granting the Motion to Stay. (ECF No. 189.) On February 11, 2020, the City notified the Court that it had filed the appeal with the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). (ECF No. 190.) On March 5, 2021, the parties notified the Court that the Fourth Circuit had denied and/or remanded the issues presented on appeal. (ECF No. 201.) The Court stayed the case until a scheduling conference could take place. (ECF No. 202.)

On April 1, 2021, the case was reassigned to the undersigned. On April 21, 2021, the Court held a scheduling conference and issued a Rule 16(b) Scheduling Order, thus lifting the stay. (ECF No. 214.) On June 24, 2021, Willard Marine filed a Motion to Bifurcate and a Memorandum in Support. (ECF Nos. 216-217.) No responses or replies were filed with regard to this motion.

### III. DISCUSSION

**A. Legal Standard**

Rule 42 of the Federal Rules of Civil Procedure states that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more . . . third-party claims." Fed. R. Civ. P. 42(b). "Only one of the criteria need be met to justify bifurcation." *Am. Sci. & Eng'g Autoclear*, No. 2:07cv415, 2008 U.S. Dist. LEXIS 135355 (E.D. Va. Sept. 22, 2008). Whether to order separate trials is left to the discretion of the trial court. *Westvaco Corp. v. Int'l Paper Co.*, No. 3:90cv601, 1991 U.S. Dist. LEXIS 19566, at *53 (E.D. Va. May 7, 1991). The main factors to be considered by the court are the interests of judicial

efficiency, avoidance of delay or prejudice, and the general ends of justice. *Id.*

**B. Analysis**

The claims ("Willard Marine Claims") that Willard Marine seeks to bifurcate from the underlying liability claims are: (1) the City's claim for breach of contract to procure insurance, (2) Defendant Hryniewich's claim for breach of contract to procure insurance, and (3) Willard Marine's counterclaim against the City for breach of contract for failure to pay for services. (ECF No. 26; ECF No. 28; ECF No. 45; *see* ECF No. 217 at 2.)

Bifurcation is common in cases involving a plaintiff and defendant litigating liability while the defendant and third-party defendant litigate indemnification and duty to defend. Bifurcation is appropriate in these instance because: (1) the tort issues of liability and damages are usually unrelated to the contract issues of indemnification and duty to defend; (2) the evidence and witness are likely to be different; (3) the ruling on the liability issue may alter or moot the indemnification issue; and (4) having separate trials narrows the issues facing the jury or judge. *See, e.g., Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'l Ass'n,* No. 3:15cv1300, 2017 WL 3613874, at *6 (D.S.C. Aug. 23, 2017) ("Bifurcation in such cases is often thought to increase convenience and efficiency because, if the defendant is found not liable in the first trial, the need for the second trial is obviated, and, if the defendant is found liable in the first trial, such a result facilitates settlement and a potential narrowing of the issues for the second trial."); *Magazzu v. Volmar Servs., Inc.*, No. 08cv2078, 2009 WL 5194396, at *7 (D.N.J. Dec. 21, 2009) ("Although no single factor is dispositive, when deciding whether to bifurcate, a court should consider whether: (a) there will be overlap in testimony and evidence between the two proceedings, (b) the issues to be decided at trial are complex and the factfinder is likely to become confused, (c) bifurcation will promote settlement, and (d) a single trial will cause unnecessary delay.") (internal quotation marks omitted); *Williams v. CSX Transp., Inc.*, No. 01-

3433, 2002 WL 31618455, at *2 (E.D. Pa. Nov. 15, 2002) (granting bifurcation even though the first trial would not moot the second trial, as the first trial would change the nature of the second trial). Bifurcation is inappropriate when: (1) the issues are linked, (2) the evidence overlaps, or (3) separate trials would unreasonably prolong litigation. *See, e.g., Leite v. Severstal Sparrows Point, LLC,* No. 09-0742, 2010 WL 5148423, at *2 (D. Md. Dec. 9, 2010) (denying a motion to bifurcate as the issues were not complex, the trials would require the same witnesses, and it was speculative that separate trials would be more efficient); *Papineau v. Brake Supply Co.*, No. 4:18cv168, 2021 WL 1881650, at *6 (W.D. Ky. Apr. 2, 2021) (denying a motion to bifurcate as separate trials would involve overlapping evidence).

Bifurcation would likely alter the indemnification issue and would narrow the damages issue for the factfinder without unreasonably prolonging litigation. In *Live Nation Worldwide, Inc. v. Secura Insurance*, a concert producer contracted with a security company to provide security for one of its concerts. 298 F. Supp. 3d 1032, 1033 (W.D. Ky. 2018). The concert producer alleged that the contract required the security company to get insurance that named the concert producer as an additional insured. *Id.* After two concert goers sued the concert producer, the insurer refused to defend or indemnify the concert producer. *Id.* at 1034. The concert producer then sued the insurer under a theory that the policy did cover those claims and, in the alternative, sued the security company for breaching the insurance clause of the contract. *Id.* The court granted the motion to bifurcate, noting that deciding the first claim may render the second claim moot. *Id.* at 1037. Likewise, if the Defendants, in the present action, are found not to be liable to the Plaintiffs, the damages alleged in a second trial for indemnification and duty to defend would be radically different. By having a more certain damages figure, the parties may be able to reach a settlement agreement and avoid a second trial all together.

Bifurcation would simplify the substantive issues before the factfinder and would not

6

produce overlapping evidence. In *Magazzu v. Volmar Servs.*, the plaintiff was a subcontractor, employed by the third-party defendant, providing roofing services for the defendant. 2009 WL 5194396, at *1. The plaintiff fell off a 35-foot roof and sued the defendant for negligence. *Id.* at *2. Then, the defendant sued the third-party defendant arguing that it was contractually required to provide indemnification. *Id*. The court found that the claims should be bifurcated. *Id.* at *7. The court's first rationale was that the claims were distinct and independent. *Id.* Second, separate trials would avoid confusion about the parties' respective relationships and liabilities. *Id.* Conversely, in *Papineau v. Brake*, the court denied a motion to bifurcate because the claims were related and there was a high likelihood of overlapping evidence. 2021 WL 1881650, at *3-4. In that case, the plaintiff was diagnosed with mesothelioma and sued a manufacturer of a product containing asbestos. *Id.* at *1-2. The defendant product manufacturer then filed third-party claims against other manufacturers of asbestos-containing products. *Id.* The defendant's theory was that the third-party defendant manufacturers made the products that defendant sold to plaintiff's employer and as such should be liable for plaintiff's injuries. *Id.* at *2-3. The court found that these claims all depended on the plaintiff's occupational exposure to asbestos and would rely on the same set of facts. *Id.* at *3. The claims would also rely on the same witnesses and experts. *Id*. at *4.

      The claims at issue in the present action are similar to those in *Magazzu* and distinguishable from those in *Papineau*. Here, the underlying claims are tort-based negligence claims arising out of the conduct of Hryniewich during the sea trial, while the third-party claims are contract-based claims related to the business transaction between the City and Willard Marine before the sea trials. They are separate and independent. Unlike *Papineau*, the facts are likely to be different since the claims arise out of different events. Most of the evidence and witnesses would be different as well.

The Court finds that separate trials, with the Willard Marine Claims being tried after the underlying claims, would aid judicial efficiency and the general ends of justice. As such, the Court will grant the Motion to Bifurcate (ECF No. 216).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Third-Party Defendant Willard Marine, Inc.'s Motion to Bifurcate (ECF No. 216). Defendants' claims in their Third-Party Complaints (ECF Nos. 26, 28) and Willard Marine's Counterclaim (ECF No. 45) will be bifurcated from the other claims in this matter for the purposes of trial.

An appropriate Order shall issue.

/s/ 
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: January 7, 2022