IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| DAVID I. GLOVER,<br><br>        Plaintiffs,<br><br>v.<br><br>THE CITY OF NORFOLK, VIRGINIA, and RICHARD J. HRYNIEWICH,<br><br>        Defendants. | Case No. 2:17-cv-00109 |
| TIMOTHY B. PRIDEMORE,<br><br>        Plaintiffs,<br><br>v.<br><br>THE CITY OF NORFOLK, VIRGINIA, and RICHARD J. HRYNIEWICH,<br><br>        Defendants. | Case No. 2:17-cv-00110 |

**MEMORANDUM IN SUPPORT OF
SAFE BOATS INTERNATIONAL'S MOTION TO BIFURCATE**

      Third-Party Defendant Safe Boats International, LLC ("Safe Boats"), by counsel, submits this Memorandum in Support of its Motion to Bifurcate. As explained below, the contribution or indemnity claims alleged by Third-Party Plaintiff The City of Norfolk, Virginia (the "City") against Safe Boats are contingent upon the City being found liable to Plaintiffs in the underlying tort action. Additionally, the claims of the City against Safe Boats involve different evidence, and a defense of them would require multiple witnesses from out of state (including Washington State where Safe Boats is located) to attend a trial that may ultimately be unnecessary if Plaintiffs do not succeed on their claims against the City.

1

## BACKGROUND

Plaintiffs David I. Glover ("Glover") and Timothy B. Pridemore ("Pridemore"), both employees of Willard Marine, Inc. ("Willard Marine"), were injured in 2014 when the City police boat they were on capsized during a high-speed turn. The boat, referred to as Marine 5, was being operated by Norfolk Police Officer Richard J. Hryniewich ("Officer Hryniewich") in a sea trial to test repairs and modifications made by Willard Marine. Glover and Pridemore sued the City for negligence, alleging that the City failed to provide a competent boat operator (unseaworthiness) and exercise reasonable and ordinary care (negligence) in its active control of the boat, and vicarious liability, based on Officer Hryniewich's negligent and reckless operation of the boat. (Their claims against Officer Hryniewich, individually, were dismissed based on the finding that he has qualified immunity.)

The City filed a third-party complaint against Willard Marine alleging failure to indemnify and defend the City as an additional insured under their contract for the repair work (the "Willard Marine Claims"). *See* ECF Nos. 26, 28.

The City also filed a third-party complaint against Safe Boats, as manufacturer of the boat, alleging that the boat capsized because of a manufacturing or design defect (the "Safe Boats Claims"). *See* ECF Nos. 27, 29. The City is seeking contribution or indemnity from Safe Boats in the event the City is found liable to Glover or Pridemore. *See* ECF No. 29.[1]

In 2018, Judge Morgan ordered *sua sponte* that the City's third-party claims be stayed. *See* ECF Nos. 107, 108. The decision was based on expedience, considering the City's claims are for indemnity, which is necessarily contingent on a finding of liability in the underlying action:

---

[1] The Plaintiffs did not bring claims against Safe Boats. In discovery, the experts identified by the Plaintiffs opined that there was no defect in the manufacturing or design of Marine 5.

2

- "Upon due consideration, the Court FINDS that an expedient resolution of this matter requires a finding of liability in the underlying tort litigation before issues of indemnity may be resolved.  Accordingly, on its own motion, the Court STAYS the case against Third-Party Defendant Safe Boats until the liability of the City of Norfolk and Officer Richard Hryniewich may be determined."

- "Since Defendants also request indemnity, a stay is appropriate to allow resolution of the underlying facts giving rise to liability."

ECF No. 107 at 2; ECF No. 108 at 8.

At a hearing on November 21, 2019, Judge Morgan stated from the bench that the underlying cases should be consolidated for a single trial, together with the City's claims against Safe Boats.  No order was issued, nor was it set forth in the minute entry.  *See* ECF No. 150.

On January 15, 2020, Willard Marine filed a motion to sever the trial of the City's claims against it.  *See* ECF No. 171.  On February 10, 2020, the Court issued an order ruling on certain substantive motions and staying the case for an interlocutory appeal.  *See* ECF No. 189.  The Fourth Circuit issued its Mandate on November 18, 2020.  *See* ECF No. 200.  In connection with Judge Morgan's retirement, orders were entered dismissing all pending motions without prejudice.  *See* ECF Nos. 204, 206.  The earlier order dismissing the motions stated that, "[o]nce this consolidated action is reassigned to a new judge and a new Rule 16(b) Scheduling Order is inevitably entered, the parties can renew and refile such motions if necessary."  ECF No. 204 at 2.

On April 1, 2021, the case was reassigned.  A new Rule 16(b) Scheduling Order was entered on April 21, 2021, and set a trial date of March 14, 2022 for all claims, including the City's third-party claims against Willard Marine and Safe Boats.  *See* ECF No. 214.

On June 24, 2021, Willard Marine renewed its motion to bifurcate the claims against it. *See* ECF Nos. 216-217.  On January 7, 2022, the Court granted Willard Marine's Motion to Bifurcate, finding that separate trials, with the Willard Marine Claims being tried after the

3

underlying claims, would aid judicial efficiency and the general ends of justice. *See* ECF No. 245-246.

On November 23, 2021, Safe Boats filed a motion to bifurcate the City's claims against it. *See* ECF No. 237.  On September 28, 2022, shortly before this case was again reassigned, the Court entered an order denying the motion to bifurcate, without prejudice to refiling it.  *See* ECF No. 280.

Safe Boats now renews its request to have the Safe Boat Claims stayed and bifurcated as well, until the City's liability in the underlying action is determined.

## **LEGAL AUTHORITY**

District courts have the inherent authority to stay proceedings.  *See Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

District courts also have the authority under Federal Rule of Civil Procedure 42(b) to bifurcate third-party claims.  *See* Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of … third-party claims.").  The decision whether to bifurcate "is within the sound discretion of the trial judge." *Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir. 1953).

While bifurcation is the exception in civil cases, for certain matters it is appropriate and not uncommon, such as "where, for example, the litigation of the first issue might eliminate the need to litigate the second issue." *Mt. Hawley Ins. Co. v. Adell Plastics, Inc.*, No. JKB-17-252,

2019 U.S. Dist. LEXIS 93655, at *3 (D. Md. June 4, 2019). "The burden of proving that bifurcation is warranted rests with the moving party," and the main factors to be considered by the court are the interests of judicial efficiency, avoidance of delay or prejudice, and the general ends of justice. *Id.* (citation omitted); *Westvaco Corp. v. Int'l Paper Co.*, No. 3:90cv601, 1991 U.S. Dist. LEXIS 19566, at *53 (E.D. Va. May 7, 1991).

## ARGUMENT

Bifurcation of the Safe Boats Claims remains appropriate under the Court's authority to stay proceedings, as well as under Rule 42(b) of the Federal Rules of Civil Procedure. Judge Morgan previously recognized the inherent expedience and economy of bifurcation in this situation. *See* ECF No. 107 at 2. The circumstances that Judge Morgan first recognized as warranting a stay still exist, and therefore warrant a stay to substantially reduce the time required for trial while avoiding any unnecessary delay and prejudice to the underlying parties.

"Rule 42(b) bifurcation is particularly applicable in cases involving third-party claims, as holding a trial on third-party claims separately from a trial on the primary claims aids in enabling the court to adjudicate the third-party claims in the first place, without incurring the confusion, prejudice, and delay that would inhere to a single trial on all the claims." *Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'l Ass'n*, No. 3:15-cv-1300-JMC, 2017 U.S. Dist. LEXIS 134682, at *16 (D.S.C. Aug. 23, 2017) (granting motion to bifurcate third-party claims for indemnity and contribution over defendant's objections that a single trial would be more efficient and avoid prejudice).

"[A]s numerous authorities attest, when resolution of the third-party claims is contingent upon resolution of the primary claims, Rule 42(b)'s objectives are often best served by holding a trial on the primary claims prior to a trial on the contingent, third-party claims." *Id.* (collecting

5

cases). Many courts bifurcate third-party claims for contribution and indemnification because such causes of action are contingent upon the third-party plaintiff being found liable in the underlying tort action. *Id.* (citing cases). As this Court previously held, "[b]ifurcation is appropriate in these instance because: (1) the tort issues of liability and damages are usually unrelated to the contract issues of indemnification and duty to defend; (2) the evidence and witness are likely to be different; (3) the ruling on the liability issue may alter or moot the indemnification issue; and (4) having separate trials narrows the issues facing the jury or judge." ECF No. 245 (citing cases).

Here, the Safe Boats Claims are solely for contribution or indemnification. *See* ECF No. 29. Thus, such claims are contingent on the City being found liable for Glover's or Pridemore's injuries. If in the first trial the City is found not liable, the City's claims against Safe Boats will be moot and the need for a second trial will be obviated.

Alternatively, if the City is found liable, the issues in the Safe Boats Claims may be narrowed significantly. "[T]he factual basis for the scope of liability will have been developed and this result might facilitate settlement negotiations between [the parties] and might narrow the issues regarding the claims for contribution [or] indemnification." *Companion Prop.*, *supra*, at *18.

Furthermore, bifurcation of the Safe Boats Claims would simplify the substantive issues before the factfinder and would not create an overlap of evidence. The Plaintiffs' underlying claims against the City are negligence claims arising out of the alleged incompetence and conduct of Officer Hryniewich during the sea trial, while the Safe Boat Claims are for contribution or indemnification. The evidence on these negligence claims is separate and independent from the evidence on the allegations against Safe Boats of manufacturing defect or design of the boat. In

the underlying first-party claims, Safe Boats will not contribute to the evidence, nor argument, involving Plaintiffs' claimed medical treatment and the extent of their injuries.[2]  As such, bifurcation best serves the interests of efficiency as it will remove Safe Boats' need to incur costs and expenses associated with multiple witnesses traveling from Washington State and other locations for a two-week trial that may ultimately be unnecessary if Plaintiffs do not succeed on their claims against the City.

Bifurcation will plainly promote convenience for the parties and this Court.  Admittedly, the only party that may risk an inefficiency is the City, who could be required to litigate separate trials in the event it is found liable to the Plaintiffs.  But any potential inefficiency "is outweighed by the fact that, as already noted, separate trials will greatly simplify the issues, … mitigate prejudice to [Safe Boats], and more efficiently utilize the resources of the court and the parties." *Companion Prop.*, *supra*, at *19.

Finally, the Court has already stayed the City's third party claims against Willard Marine for later trial.  Unless settled, that case will be tried regardless of the outcome of the Plaintiffs' case against the City.  That is because the City seeks to recover Officer Hryniewich's and the City's costs of defense.  *See* ECF Nos. 26 (¶27), 28 (¶28).  Additionally, Willard Marine has a counter-claim against the City for failure of the City to pay for the repair and modification work on Marine 5.  *See* ECF No. 45.  Because these claims are already bifurcated and must be tried at a later date, it is appropriate to likewise stay the City's claims against Safe Boats, which are contingent on the outcome of Glover's and Pridemore's tort claims against the City.

---

[2] Plaintiffs previously identified four medical witnesses, a vocational expert and numerous family members and friends to testify about their damages.  None of these witnesses would testify in the event a trial of the Safe Boats Claims is required.

In sum, separate trials, with the Willard Marine Claims and the Safe Boats Claims being tried after the trial of the Plaintiffs' claims solely against the City, would aid judicial efficiency and the ends of justice.

## CONCLUSION

Courts have recognized that bifurcation is particularly applicable in a situation like the case at bar. Judge Morgan previously ordered as much in this case. At this stage, bifurcation remains appropriate, as it promotes all of Rule 42(b)'s objectives. Accordingly, Safe Boats respectfully requests the Court to stay the third-party case against it until after the liability of the City is determined.

Dated: November 9, 2022              **SAFE BOATS INTERNATIONAL, LLC**

                                                                                            */s/ James L. Chapman, IV*

James L. Chapman, IV, VSB No. 21983
David C. Hartnett, VSB No. 80452
CRENSHAW, WARE &MARTIN, P.L.C.
150 West Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
dhartnett@cwm-law.com
*Attorneys for SAFE Boats International, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ James L. Chapman, IV*
James L. Chapman, IV, VSB No. 21983
CRENSHAW, WARE &MARTIN, P.L.C.
150 West Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
*Attorney for SAFE Boats International, LLC*
