IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DAVID I. GLOVER and
TIMOTHY B. PRIDEMORE,
    Plaintiffs,

v.                                              Civil Action No.  2:17-CV-109 (EWH)

RICHARD J. HRYNIEWICH and
THE CITY OF NORFOLK, VIRGINIA,
    Defendants and
    Third-Party Plaintiffs,

v.

SAFE BOATS INTERNATIONAL, LLC and
WILLARD MARINE, INC.
    Third-Party Defendants and
    Counterclaimant.

**SCHEDULING AND PRETRIAL ORDER**[1]

The following shall govern the progress of this action in addition to the provisions of the Federal Rules of Civil Procedure as modified and/or enlarged upon by the Local Rules for this Court. This Order shall control if any conflict is perceived between it and either the Federal or Local Rules. This Order shall supersede all prior Scheduling and Pretrial Orders that have been entered in this matter.

---

[1] Defendants' claims against Willard Marine, Inc. in their Third-Party Complaints, ECF Nos. 26, 28, and Willard Marine, Inc.'s Counterclaim, ECF No. 45, have been bifurcated from the other claims in this matter for the purposes of trial (the "Bifurcated Trial"). ECF No. 246. A separate Scheduling and Pretrial Order, ECF No. 289, applies to the Bifurcated Trial. This Order governs the trial of Plaintiffs' claims against the City of Norfolk, Virginia as set forth in Plaintiffs' Amended Complaint, ECF No. 169, and Defendants' claims against Safe Boats International, LLC in their Third-Party Complaints (the "Non-Bifurcated Trial"). ECF Nos. 27, 29.

## Trial Date

1. An eight-day **Bench Trial** is scheduled to commence at **9:30 a.m.** on **Monday, July 10, 2023, at the Walter E. Hoffman United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.**

## Non-Dispositive Motions

2. All non-dispositive motions, including all motions *in limine* shall be filed by **Monday, June 12, 2023**. The brief in opposition to such non-dispositive motions shall be filed by **Monday, June 19, 2023**. The reply brief in support of such non-dispositive motions, if any, shall be filed by **Friday, June 23, 2023**. The parties are referred to the requirements of Local Rule 7(E), which are incorporated herein by reference.

## Oral Argument

3. Consistent with Local Rule 7(J), the Court will decide all motions on the papers unless the Court orders oral argument on its own initiative or on written request by the parties. Any request for oral argument should be included as a separate section in the memorandum, response or reply and should address why oral argument will materially aid in the decisional process.

4. The Court will not enforce the provisions of Local Rule 7(E) to the extent that it requires a movant to schedule a hearing within thirty (30) days after filing a motion.

## Proposed Witnesses

5. Each plaintiff shall file a list of proposed witnesses by **Wednesday, May 31, 2023**, and each defendant shall designate its witnesses by **Monday, June 12, 2023**. Plaintiff(s) shall file a list of any rebuttal witnesses not later than six (6) calendar days after defendant

designates its witnesses. Failure to comply with the provisions of this paragraph shall result in preclusion of a witness's testimony at trial, absent exceptional circumstances.

### Discovery To Be Used as Evidence

6. Each plaintiff shall file a designation by **Wednesday, May 31, 2023** specifically identifying any discovery material that is intended to be offered into evidence and each defendant shall do likewise by **Monday, June 12, 2023** before trial. Any designation must identify the specific item of discovery intended to be offered into evidence by exhibit number, title of the document and the specific page and sentence of the relevant information, along with a statement of relevance and basis for admission. Any objection to the introduction of any discovery material shall be filed by **Thursday, June 15, 2023** before trial or the objection will be deemed waived. This paragraph does not apply to discovery materials that will be used at trial solely for cross-examination and/or for impeachment purposes.

### Bench Trial

7. If this matter is to be tried without a jury, the parties shall file proposed findings of fact and conclusions of law by **Monday, June 26, 2023**. The proposed findings of fact and conclusions of law shall be in numbered paragraphs. Conclusions of law shall cite authority. Counsel shall also provide a copy of the proposed findings of fact and conclusions of law in WORD format via e-mail to Chambers.

### Written Stipulations

8. Not later than **Wednesday, May 31, 2023**, counsel for each party shall meet and confer in a good faith effort to enter into written stipulations of uncontroverted facts. Written

stipulations shall be signed by each counsel and filed with the Clerk not later than **Monday, June 12, 2023**.

### Proposed Exhibits

9. Each plaintiff shall file a list of proposed exhibits by **Wednesday, May 31, 2023** and shall provide a copy of all proposed exhibits to all parties. Each defendant shall file a list of proposed exhibits and shall provide a copy of same to every party by **Monday, June 12, 2023**. Each plaintiff shall file a list of any rebuttal exhibits by **Friday, June 16, 2023**. Any objection to any exhibit shall be noted by a motion that includes the subject exhibit(s) filed by **Tuesday, June 20, 2023**. Any exhibit to which no objection is made shall be admitted without further action. Any exhibit not listed and timely filed will not be admitted at trial unless used solely for impeachment or rebuttal purposes.

10. All exhibits will be presented by available electronic means at trial, with counsel to contact the courtroom deputy clerk before trial if counsel is not sufficiently familiar with the courtroom electronic system to effectuate presentation at trial. In anticipation of trial, each party shall ensure that three (3) sets of pre-marked, indexed copies of that party's exhibits are submitted in binders to the Clerk at least three (3) days before trial begins for use by the courtroom deputy clerk during trial proceedings and the jury during its deliberations.

### Deadlines

11. Unless otherwise specified, any deadline established herein shall be governed by Rule 6. For purposes of Fed. R. Civ. P. 6(d), all electronically filed documents shall be deemed electronically served regardless of additional service by any other means.

**Settlement**

12. The parties shall notify the Court of any settlement, either in whole or in part, as soon as practicable but not later than 12:00 p.m. on the nearest business day following the date of settlement. Counsel shall submit a stipulation of dismissal not later than eleven (11) calendar days after filing the notice of settlement, unless otherwise ordered by the Court. If such stipulation is not timely filed, the Court will dismiss this action with prejudice as to all parties involved in the settlement.

13. Counsel for the parties are DIRECTED to participate in mediation with the mediator of their choice, and together with counsel for the parties in the Bifurcated Trial, by no later than **Thursday, May 11, 2023** and to schedule such mediation within ten (10) days of entry of this Order. If the parties wish to conduct such mediation with Magistrate Judge Krask, Judge Krask's Chambers can be reached for scheduling purposes at (757) 222-7007.

**Final Pretrial Conference**

14. A Final Pretrial Conference will be held on **Tuesday, June 27, 2023** at **2:00 p.m.**, at the Walter E. Hoffman United States Courthouse, 600 Granby St., Norfolk, Virginia 23510. By **Tuesday, June 20, 2023**, the parties shall jointly submit a proposed Final Pretrial Order to the Court, endorsed by counsel and setting forth all resolved and disputed matters related to trial evidentiary issues. The proposed Final Pretrial Order shall be broken down by the following sections: (1) Stipulated Facts; (2) Legal and Evidentiary Stipulations (including jurisdiction and venue); (3) List of Proposed Witnesses by Each Party; (4) Exhibits (including identification of those exhibits to which there is no objection); (5) Factual Contentions as set forth by each party; and (6) Triable Issues as set forth by each party.

**Pretrial Briefs**

15. The parties may file pretrial bench briefs on material issues expected to arise at trial; indeed, the Court encourages such practice. Pretrial briefs, however, may not serve as a substitute for motions *in limine*, because pretrial briefs do not seek a remedy. Instead, pretrial briefs serve as a vehicle for counsel to educate the Court about a potential trial issue. If counsel elects to file a pretrial brief, it must be filed by **Wednesday, July 5, 2023**.

**Courtroom Technology**

16. All exhibits will be presented by available electronic means during trial. The courtroom is equipped with a document viewer that displays evidence on monitors located on counsel tables, on the bench and in the jury box. The parties may also use personal laptop computers to aid in the presentation of evidence. The Court does not provide laptops. The Court advises the parties to visit the following webpage for more information on the Court's technological capabilities: https://www.vaed.uscourts.gov/evidence-presentation-system.

17. Any party wishing to use courtroom technology during a proceeding should submit a Request to Use the Court's Evidence Presentation System form and confer with the undersigned's courtroom deputy at least ten (10) days before the proceeding. The Court expects all parties using courtroom technology to conduct a test run before any proceeding.

18. Any party wishing to bring personal electronic devices, including laptops and cell phones, to a proceeding should submit a Request for Authorization form to the undersigned's law clerks at least three (3) days before the proceeding. While in the courthouse, all devices should be turned off (not in silent or vibrate modes) unless in use for court-related matters.

## Attorneys' Fees

19. Any motion for an award of attorneys' fees will be addressed after trial pursuant to Rule 54 and Local Rule 54 (if fees are treated as costs by statute or rule). Such motions shall be governed by applicable statutory and decisional law and must be accompanied by a brief. A party moving for attorneys' fees must submit an affidavit or declaration itemizing time spent on the case, describing the work done and the hourly rate of the person billing the case. In addition, a movant must submit an affidavit or declaration from an expert establishing the reasonableness of the fees.

## Communications with Chambers

20. *Ex parte* communications with chambers are strongly discouraged and should be limited to scheduling questions and other clerical matters. All other requests and communications should be made via filings on the public docket.

The Clerk is directed to send a copy of this Order to all counsel of record and to any party not represented by counsel.

It is so ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Date: November 17, 2022