IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DAVID I. GLOVER and
TIMOTHY B. PRIDEMORE,
    Plaintiffs,

v.                                                                                          Civil Action No.  2:17-CV-109 (EWH)

RICHARD J. HRYNIEWICH and
THE CITY OF NORFOLK, VIRGINIA,
    Defendants and
    Third-Party Plaintiffs,

v.

SAFE BOATS INTERNATIONAL, LLC and
WILLARD MARINE, INC.
    Third-Party Defendants and
    Counterclaimant.

## SCHEDULING AND PRETRIAL ORDER[1]

The following shall govern the progress of this action in addition to the provisions of the Federal Rules of Civil Procedure as modified and/or enlarged upon by the Local Rules for this Court. This Order shall control if any conflict is perceived between it and either the Federal or Local Rules. This Order shall supersede all prior Scheduling and Pretrial Orders that have been entered in this matter.

---

[1] Defendants' claims against Willard Marine, Inc. in their Third-Party Complaints, ECF Nos. 26, 28, and Willard Marine, Inc.'s Counterclaim, ECF No. 45, have been bifurcated from the other claims in this matter for the purposes of trial (the "Bifurcated Trial"). ECF No. 246. This Order governs the Bifurcated Trial. A separate Scheduling and Pretrial Order, ECF No. 288, applies to the trial of Plaintiffs' claims against the City of Norfolk, Virginia as set forth in Plaintiffs' Amended Complaint, ECF No. 169, and Defendants' claims against Safe Boats International, LLC in their Third-Party Complaints (the "Non-Bifurcated Trial").

## Trial Date

1. A three-day **Bench Trial** is scheduled to commence at **9:30 a.m.** on **September 12, 2023, at the Walter E. Hoffman United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.**

## Rule 26 Disclosures

2. Not later than **Monday, May 15, 2023**, each party shall identify all persons it expects to call as expert witnesses in its case-in-chief at trial in support of any complaint, counterclaim, cross-claim, or third-party complaint, and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert witness. Rule 26(a)(2)(B) shall <u>not</u> be deemed to include the opinion(s) of treating professionals and the terms of this Order shall supersede any conflicting provisions of Rule 26.

3. Not later than **Wednesday, June 14, 2023**, each defending party shall identify all persons it expects to call as expert witnesses in opposition to any complaint, counterclaim, cross-claim, or third-party complaint, and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert witness.

4. Not later than **Thursday, June 29, 2023**, each party shall identify all persons expected to be called as expert witnesses solely to contradict or rebut any such opposition witness and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert witness.

5. The parties are advised that they may rely upon the testimony of only one expert per discipline, except by order of the Court.

6. Any motions challenging expert testimony based upon *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny shall be filed not later than **Friday, July 14, 2023**. Any response to such a motion shall be filed not later than ten (10) calendar days after the filing of the motion and any reply shall be filed not later than three (3) calendar days thereafter.

### Discovery

7. All discovery, including the required time period for response to any discovery demand(s), must be concluded not later than **Wednesday, July 5, 2023**, except by order of the Court.

8. Counsel are expected to resolve discovery disputes without filing motions or involving the Court. Should a dispute arise, consistent with Local Rule 37(E), counsel must confer in good faith to resolve the dispute. "Good faith" means that the parties have spoken, preferably in person, and engaged in one-on-one discussions, not that the parties have merely exchanged correspondence. If, after good faith effort, counsel are unable to resolve a dispute and need the Court to intervene, the Court prefers that the parties file a joint motion not exceeding twenty (20) pages in length setting forth (1) the posture of the case, (2) the nature of the discovery dispute, (3) the efforts made by the parties to resolve the dispute, (4) the position of each party regarding the dispute, (5) whether a hearing is necessary to address the issue, and (6) a certification under Local Rule 37(E) signed by counsel for each party that they have met and conferred in good faith to resolve the dispute before involving the Court. The Court prefers that the parties file a joint motion, so that the dispute can be addressed in an expedited manner. If, however, the parties believe that a joint pleading is not feasible, the parties may file separate pleadings under the following terms: the motion to compel (or motion for protective order) with a memorandum

incorporated therein and any response with a memorandum incorporated therein may not exceed seven (7) pages in length and any reply may not exceed three (3) pages. Moreover, unless resolution of the dispute under the deadlines set forth in Local Rule 7(F)(1) can occur before the deadline for the completion of discovery, the pleadings must be filed pursuant to an agreed briefing schedule that provides sufficient time for the Court to rule on the motion before the deadline for the completion of discovery as set forth in Paragraph 7.

9. Counsel are reminded that discovery disputes requiring judicial intervention are strongly disfavored and that the Court will consider imposing sanctions pursuant to Fed. R. Civ. P. 37 and Local Rule 37 against any party not acting in good faith to resolve a dispute before involving the Court.

10. No discovery materials shall be filed with the Clerk except by order of the Court.

11. If a party objects to the production of documents on the grounds of attorney-client privilege, attorney work-product doctrine, or any other protection, the objecting party must provide the requesting party with an inventory list of the documents to which objection is made (i.e., a privilege log), together with a brief description of the document, including the date, the author, identity of each recipient including their job titles at the pertinent time, and the claimed basis for its protection, all of which shall be sufficient to permit the opposing party to assess the claim of privilege or protection. Unless otherwise ordered by the Court, the claim of privilege or protection shall be waived unless the privilege log is served with the objections to the request for production in the time required by the Local Rules or by a deadline established by an order of the Court. If a discovery dispute arises

        concerning a raised privilege or the adequacy of the privilege log, the objecting party shall provide a copy of the privilege log to the Court.

12. If any party anticipates difficulty meeting the deadline for asserting discovery objections or serving the opposing party with a privilege log, the Court instructs the party to move for an extension of time at the earliest reasonable opportunity, preferably before objections or privilege logs become due. Such motion will be granted for good cause shown. If any party is shown to have unnecessarily delayed in seeking such an extension of time, the Court will strictly enforce the deadlines established by the Local Rules.

## Non-Dispositive Motions

13. All non-dispositive motions, including all motions *in limine* (excluding *Daubert* motions, see ¶ 6, *supra*) shall be filed not later than **Monday, August 14, 2023**. The brief in opposition to such non-dispositive motions shall be filed not later than **Monday, August 21, 2023**. The reply brief in support of such non-dispositive motions, if any, shall be filed not later than **Friday, August 25, 2023**. The parties are referred to the requirements of Local Rule 7(E), which are incorporated herein by reference.

## Oral Argument

14. Consistent with Local Rule 7(J), the Court will decide all motions on the papers unless the Court orders oral argument on its own initiative or on written request by the parties. Any request for oral argument should be included as a separate section in the memorandum, response or reply and should address why oral argument will materially aid in the decisional process.

15. The Court will not enforce the provisions of Local Rule 7(E) to the extent that it requires a movant to schedule a hearing within thirty (30) days after filing a motion.

**Proposed Witnesses**

16. Each plaintiff shall file a list of proposed witnesses not less than **Thursday, August 3, 2023**, and each defendant shall designate its witnesses not later than **Monday, August 14, 2023**. Plaintiff(s) shall file a list of any rebuttal witnesses not later than six (6) calendar days after defendant designates its witnesses. Failure to comply with the provisions of this paragraph shall result in preclusion of a witness's testimony at trial, absent exceptional circumstances.

**Discovery To Be Used as Evidence**

17. Each plaintiff shall file a designation by **Thursday, August 3, 2023** specifically identifying any discovery material that is intended to be offered into evidence and each defendant shall do likewise by **Monday, August 14, 2023**. Any designation must identify the specific item of discovery intended to be offered into evidence by exhibit number, title of the document and the specific page and sentence of the relevant information, along with a statement of relevance and basis for admission. Any objection to the introduction of any discovery material shall be filed by **Friday, August 18, 2023** or the objection will be deemed waived. This paragraph does not apply to discovery materials that will be used at trial solely for cross-examination and/or for impeachment purposes.

**Bench Trial**

18. If this matter is to be tried without a jury, the parties shall file proposed findings of fact and conclusions of law by **Tuesday, August 29, 2023**. The proposed findings of fact and conclusions of law shall be in numbered paragraphs. Conclusions of law shall cite authority. Counsel shall also provide a copy of the proposed findings of fact and conclusions of law in WORD format via e-mail to Chambers.

### Written Stipulations

19. Not later than **Thursday, August 3, 2023**, counsel for each party shall meet and confer in a good faith effort to enter into written stipulations of uncontroverted facts. Written stipulations shall be signed by each counsel and filed with the Clerk not later than **Monday, August 14, 2023**.

### Proposed Exhibits

20. Each plaintiff shall file a list of proposed exhibits by **Thursday, August 3, 2023** and shall provide a copy of all proposed exhibits to all parties. Each defendant shall file a list of proposed exhibits and shall provide a copy of same to every party by **Monday, August 14, 2023**. Each plaintiff shall file a list of any rebuttal exhibits by **Friday, August 18, 2023**. Any objection to any exhibit shall be noted by a motion that includes the subject exhibit(s) filed by **Wednesday, August 23, 2023**. Any exhibit to which no objection is made shall be admitted without further action. Any exhibit not listed and timely filed will not be admitted at trial unless used solely for impeachment or rebuttal purposes.

21. All exhibits will be presented by available electronic means at trial, with counsel to contact the courtroom deputy clerk before trial if counsel is not sufficiently familiar with the courtroom electronic system to effectuate presentation at trial. In anticipation of trial, each party shall ensure that three (3) sets of pre-marked, indexed copies of that party's exhibits are submitted in binders to the Clerk at least three (3) days before trial begins for use by the courtroom deputy clerk during trial proceedings and the jury during its deliberations.

**Deadlines**

22. Unless otherwise specified, any deadline established herein shall be governed by Rule 6. For purposes of Fed. R. Civ. P. 6(d), all electronically filed documents shall be deemed electronically served regardless of additional service by any other means.

**Settlement**

23. The parties shall notify the Court of any settlement, either in whole or in part, as soon as practicable but not later than 12:00 p.m. on the nearest business day following the date of settlement. Counsel shall submit a stipulation of dismissal not later than eleven (11) calendar days after filing the notice of settlement, unless otherwise ordered by the Court. If such stipulation is not timely filed, the Court will dismiss this action with prejudice as to all parties involved in the settlement.

24. Counsel for the parties are DIRECTED to participate in mediation with the mediator of their choice, and together with counsel for the parties in the Non-Bifurcated Trial, by no later than **Thursday, May 11, 2023** and to schedule such mediation within ten (10) days of entry of this Order. If the parties wish to conduct such mediation with Magistrate Judge Krask, Judge Krask's Chambers can be reached for scheduling purposes at (757) 222-7007.

**Final Pretrial Conference**

25. A Final Pretrial Conference will be held on **Wednesday, August 30, 2023** at **2:00 p.m.**, at the Walter E. Hoffman United States Courthouse, 600 Granby St., Norfolk, Virginia 23510. By **Wednesday, August 23, 2023**, the parties shall <u>jointly</u> submit a proposed Final Pretrial Order to the Court, endorsed by counsel and setting forth all resolved and disputed matters related to trial evidentiary issues. The proposed Final Pretrial Order shall be broken down by the following sections: (1) Stipulated Facts; (2) Legal and Evidentiary Stipulations

(including jurisdiction and venue); (3) List of Proposed Witnesses by Each Party; (4) Exhibits (including identification of those exhibits to which there is no objection); (5) Factual Contentions as set forth by each party; and (6) Triable Issues as set forth by each party.

### Pretrial Briefs

26. The parties may file pretrial bench briefs on material issues expected to arise at trial; indeed, the Court encourages such practice. Pretrial briefs, however, may not serve as a substitute for motions *in limine*, because pretrial briefs do not seek a remedy. Instead, pretrial briefs serve as a vehicle for counsel to educate the Court about a potential trial issue. If counsel elects to file a pretrial brief, it must be filed by **Thursday, September 7, 2023**.

### Courtroom Technology

27. All exhibits will be presented by available electronic means during trial. The courtroom is equipped with a document viewer that displays evidence on monitors located on counsel tables, on the bench and in the jury box. The parties may also use personal laptop computers to aid in the presentation of evidence. The Court does not provide laptops. The Court advises the parties to visit the following webpage for more information on the Court's technological capabilities: https://www.vaed.uscourts.gov/evidence-presentation-system.

28. Any party wishing to use courtroom technology during a proceeding should submit a Request to Use the Court's Evidence Presentation System form and confer with the undersigned's courtroom deputy at least ten (10) days before the proceeding. The Court expects all parties using courtroom technology to conduct a test run before any proceeding.

29. Any party wishing to bring personal electronic devices, including laptops and cell phones, to a proceeding should submit a Request for Authorization form to the undersigned's law clerks at least three (3) days before the proceeding. While in the courthouse, all devices should be turned off (not in silent or vibrate modes) unless in use for court-related matters.

### Attorneys' Fees

30. Any motion for an award of attorneys' fees will be addressed after trial pursuant to Rule 54 and Local Rule 54 (if fees are treated as costs by statute or rule). Such motions shall be governed by applicable statutory and decisional law and must be accompanied by a brief. A party moving for attorneys' fees must submit an affidavit or declaration itemizing time spent on the case, describing the work done and the hourly rate of the person billing the case. In addition, a movant must submit an affidavit or declaration from an expert establishing the reasonableness of the fees.

### Communications with Chambers

31. *Ex parte* communications with chambers are strongly discouraged and should be limited to scheduling questions and other clerical matters. All other requests and communications should be made via filings on the public docket.

The Clerk is directed to send a copy of this Order to all counsel of record and to any party not represented by counsel.

It is so ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Date: November 17, 2022